## BALDWIN *vs.* WALDEN.

1. A continuance ought not to be granted on the ground of absent evidence, when the opposite party fully admits all that could be proven by the evidence, if present; nor when there is no showing of the proper diligence to have it present.

2. A credit upon a note, put there by the maker, affords a presumption that all his cross-demands, especially demands in open account, existing against the holder at that time, are covered by it.

Complaint, from Terrell Superior Court. Tried before Judge PERKINS, at May Term, 1860.

Baldwin *vs*. Walden.

This was an action brought by defendant in error against Moses H. Baldwin, to recover an amount claimed to be due on a promissory note.

When the case was called for trial, defendant moved to continue the same, on a showing in writing, in substance as follows :

The note sued on was given by defendant to Walden, and payable to him only ; that at a former term of the Inferior Court, James W. Devereaux had brought suit against Walden, and garnisheed defendant ; defendant answered the garnishment, setting out all the items of indebtedness existing between defendant and Walden, including the note sued on ; upon which answer the Court gave judgment against defendant for the balance due, being about $166 00 ; defendant settled said judgment, and surrendered all the items of indebtedness in Court to Walden ; that defendant has applied for the garnishment and answer, and all the papers connected therewith, to the Clerk of the Inferior Court, and they cannot be found after diligent search ; that he cannot go to trial without them, etc.

Plaintiff's counsel agreed to admit the amount claimed to have been paid on the garnishment, and the Court thereupon refused the motion to continue, to which defendant excepted.

Plaintiff then put in evidence the note sued on, which was payable to *him only*, in the sum of $1,000 00, having a credit thereon for $497 56, dated April 1st, 1856, and closed his case.

Francis M. Harper, introduced by defendant, testified, that plaintiff admitted that there was a credit of about $166 00, paid by Baldwin on garnishment process, which Baldwin was entitled to on said note.   There was other proof by defendant, going to show money paid out by him for Walden at different times—a horse sold to him, etc., which defendant claimed as part payment of said note beyond the credit of $497 56.

The defendant having closed, his counsel requested the Court to charge the jury : " That the mere fact of the receipt on the back of the note was no evidence of a settlement,"—which charge the Court refused to give, and defendant excepted.   The Court charged : " That if they

Baldwin *vs.* Walden.

believed the parties had a settlement at the time of making said receipt, then all the accounts of the parties up to the time of that settlement are presumed to be included in the settlement; and it is on defendant to show they were not; and in determining whether or not there was a settlement, the receipt on the back of the note, being in the handwriting of the defendant, should be taken into consideration, to establish that fact." To which charge defendant excepted.

STROZIER & SMITH, for plaintiff in error.

DOUGLASS & DOUGLASS, *contra.*

*By the Court.*—STEPHENS, J., delivering the opinion.

1. We think the continuance was properly refused for two reasons : First, because the opposite party fully admitted all that could have been proven by the absent evidence if it had been present; and second, because there was no showing that proper diligence had been used to have it present. It did not appear but that the defendant had ample time to get established copies of the missing garnishment papers, after they had been ascertained to be missing.

2. We think the charge was correct. The credit on the note was in the handwriting of the defendant, and that fact showed that it was put there with his approval of its correctness. It bore date subsequent to all the cross-claims of the defendant against the plaintiff, and these claims were all matters of open account. Is it to be supposed that a prudent man would pay money on his note, without having a settlement of his open accounts against the holder of it? When men hold cross-demands against each other, prudence suggests that neither should pay money to the other, except as the result of a *balancing.* The credit, therefore, did afford a presumption that the existing cross-demands were covered by it, and that presumption ought to have prevailed, unless rebutted.

Judgment affirmed.