## Staunton.

### LINDSAY v. McCORMICK AND ALS.

#### OCTOBER 8th, 1886.

1. WITNESSES—*Competency—Trustee for his wife.*—One who is trustee for his wife, is not a competent witness to prove his payments of the price of property purchased by him as such trustee, out of the trust fund. And he being incompetent, so likewise is the commissioner to whom the alleged payments were made. *Warwick* v. *Warwick*, 31 Gratt. 70.
2. IDEM—*Case at Bar.*—On exception to allowance of credit for alleged payment by trustee to commissioner on bonds for property purchased with the trust funds, the testimony of those parties having been excluded—*Held:* The fact that the bond whereon the alleged payment was made, was delivered up to the obligor, and other circumstances, sufficiently established the payment.

Appeal from decree of circuit court of Clarke county, pronounced 14th October, 1885, in the two causes of John T. Lindsay against Sarah Brown, and P. McCormick's executors against John T. Lindsay, heard together. The object of the suits was to subject the lands of William, Huldah and Margaret Berry to payment of liens. At the sale thereof made by Commissioners McCormick, Moore and McGuire, Adelia V. Lindsay purchased two tracts for $5,011.88, whereof $735 was paid cash, and four bonds were executed for equal annual installments of the residue by John T. Lindsay, trustee, and husband of the purchaser. Prior to 1881, the latter made large payments and took up three of the four bonds. In

October, 1884, the master reported that there was still due on her purchase the sum of $530.19. Special Commissioner Moore excepted to this report, because it charged him with $334.37 paid to him on the purchase. The circuit court sustained the exception, and entered a decree against Mrs. Lindsay, and her trustee, for the said sum of $530.19, augmented by the said sum of $333.37, with interest from August 1, 1874, till paid. From this decree, Adelia V. Lindsay appealed to this court.

*McDonald & Moore,* for the appellant.

*M. McCormick* and *Conrad Kownslar,* for the appellees.

HINTON, J., delivered the opinion of the court.

· The questions presented for determination upon this appeal are two, viz:—

1st. Whether the circuit court erred in sustaining the exception of Samuel J. C. Moore, the acting special commissioner in this cause, to the report of Commissioner Nelson, which charged him with the sum of $333.37, as of November 28th, 1874, and in entering a decree against the appellant, Adelia Lindsay, for said sum, with interest from the same date.

2d. Whether the court erred in overruling an exception to the deposition of said Moore, the acting special commissioner.

These two inquiries will be considered in the inverse order in which they are stated. That John T. Lindsay was not a competent witness to prove what payments had been made on the bonds given for the purchase price of land, because of the interest of his wife in that question, is perfectly clear. See *Warwick* v. *Warwick,* 31 Gratt. 76, and cases there cited. And his deposition was therefore properly rejected. But we think

it equally clear that Special Commissioner S. J. C. Moore was also an incompetent witness, and that his deposition should likewise have been excluded.

The parties to the transaction which is the subject of investigation in this case are, S. J. C. Moore, on the one side, and John T. Lindsay, trustee of Adelia Lindsay, on the other. And Lindsay being precluded by the interest of his wife from testifying, it follows that Moore is prohibited from doing so by the words of the statute which declares that "where one of the original parties to the contract or other transaction which is the subject of investigation, is * * * incompetent to testify by reason of infamy, or any other legal cause, the other party shall not be admitted to testify in his own favor." To obviate this objection, it is argued that Mrs. Lindsay, and not her husband, is one of the parties to the transaction under investigation in this case. But we do not regard this contention as sound. For whilst Mrs. Lindsay is undoubtedly entitled to the beneficial interest in the property purchased, the purchase, as the record shows, was made by her husband and trustee; and he has made all the payments on the purchase, and to him the deed of conveyance must be made. The circuit court erred, therefore, when it admitted the deposition of Major Moore.

The court is further of opinion that, after excluding the deposition of Major Moore, it fully appears that the circuit court also erred in sustaining the exception of said Moore to the report of Commissioner Nelson, which charged him with the sum of three hundred and thirty-three dollars and thirty-seven cents as of November 28, 1874, and in entering a decree for that sum against the appellant, with interest from November 28, 1874.

When John T. Lindsay, as trustee for his wife, became the purchaser of two tracts of land in the proceedings mentioned,

at the judicial sale made by D. H. McGuire, S. J. C. Moore and M. McCormick, special commissioners of the court, in the fall of 1873, pursuant to a decree of the circuit court of Clarke county, entered in the causes of John T. Lindsay against Sarah M. Brown and others, and P. McCormick's executors against John T. Lindsay and others, he paid of the purchase money $735 in cash, and for the residue executed four bonds, for the sum of $1,069.22 each. These bonds were dated on the 25th March, 1874, but bore interest from the 28th November, 1873, and were payable on the 28th November, 1874, 1875, 1876, and 1877, respectively.

Now that the item of credit of $333.37, involved in this exception of Major Moore's, and allowed by the court, was a payment on the bond given for the first installment of purchase money, which bond became due and payable on November 28th, 1874, is made apparent by the statement of Commissioner Nelson and the decree of October 14, 1885, which show not only that all four of the bonds have been paid off, but show further the sources from which all the payments, except this one of $333.37, were derived.

And that this item of $333.37, which is the exact balance of principal and interest that was left on the first bond after it was credited with a payment of $800, which is not disputed, and which was made on the 28th November, 1874, as appears from an endorsement made on said first bond by Moore himself, has also been paid, is clear, not only from the circumstance that the bond has been delivered up to the obligor, which is in itself presumptive evidence that it has been paid, but also and more clearly by the additional circumstance that in a receipt given by Moore to Lindsay on the 27th November, 1875, he acknowledges the receipt of a draft for $1,000, to be collected and applied to his (Lindsay's) note as trustee of Mrs. Adelia V. Lindsay, dated March 25th, 1874, and "due November 28,

1875," which was manifestly the second note or bond, for they are spoken of indifferently in the record, and it does not appear whether they were sealed or not; "upon which," says the receipt, "the following payments have been made by Baker S. Singhan, viz: August 21, 1875, $200, and November 17, 1875, $50, the balance of the proceeds of said draft to be credited on next note due for purchase money."

Now, it seems to us scarcely possible that Major Moore would have gone on paying the second note and applying any remaining surplus to the extinguishment *pro tanto* of the third note, when there was a balance due and unpaid upon the first note; and this view is further borne out by the fact that there appears upon the first bond, and presumably in the handwriting of Commissioner Moore, this endorsement: "Note paid off to commissioner; $1,069.22."

Under these circumstances, without questioning in the least the sincerity of this claim of Major Moore, we feel compelled to say that we think he must have received this money some time prior to August the 21st, 1875, and inadvertently failed to credit it on the bond, as he had done the preceding payment of $800.

And for these reasons, we are of opinion that the decree of the circuit court of Clarke county is erroneous in the respects indicated, and that the same must be reversed and annulled in said respects and confirmed in all others; and the cause is remanded to said circuit court with directions to charge said Commissioner Moore with the aforesaid sum of $333.37, with interest from the 28th day of November, 1874, until paid, and to be further proceeded with in order to final decree.

DECREE REVERSED IN PART AND AFFIRMED IN PART.