## HORACE E. FIELD *vs.* PETER H. LANG.

### Somerset. Opinion, January 16, 1897.

*Trial. Cases tried together. Trespass. Exceptions. New Trial.*

It is not error for the presiding justice, in the exercise of his discretion, to order several cases of the same nature between the same parties tried together.

An exception that does not disclose to what particular legal propositions it applies, and therefore is too indefinite, will not be considered by the court.

An exception to a ruling, in substance, that if plaintiff held possession of the locus through an agent he might have trespass for injury to his possession, is not well taken.

A new trial will not be granted when it appears from a careful examination of the case that there is no error. The court observes that verdicts are hardly to be disturbed on motion of defendant where the damages assessed are nominal and the judgment will settle little but damages.

Newly-discovered evidence that does not come within the rules to make it effective, is not sufficient to grant a new trial.

See *Field* v. *Lang*, 87 Maine, 442.

ON MOTIONS AND EXCEPTIONS BY DEFENDANT.

These were four actions for trespass quare clausum brought on the same day, August 2, 1893, to recover for trespasses upon the same lot of land in Palmyra during the summer of 1893. The jury returned a verdict for the plaintiff in each action for nominal damages.

The presiding justice directed the parties, against the objection of the defendant, to try the four cases in a group to the same jury at the same time. To this order the defendant seasonably excepted.

After the evidence was all in, the presiding justice ruled that the legal title to the lot of land was in the plaintiff, and further

ruled that the evidence would not authorize the jury to find any estoppel against the plaintiff to recover damages for the alleged trespasses, or to find a license for the entries alleged.

As to the alleged entries in July, 1893, the presiding justice instructed the jury that the only question for them was, whether the defendant, by himself, or his servants or agents, had entered upon the lot as alleged in the declaration.   As to the alleged entry in June, 1893, the presiding justice instructed the jury that if the tenant of the plaintiff had abandoned his possession as tenant, and was holding possession merely as the agent of the plaintiff at the time of the alleged entry, then, if they found that the defendant had entered as alleged in the writ, they should find him guilty of the trespass.

To these rulings the defendant seasonably excepted, and after verdict filed a general motion for a new trial, and also moved for a new trial because of newly-discovered evidence.

The first act of trespass complained of was the taking of rhubarb on the first day of June, 1893—the second for cutting grass and hauling the same away on the tenth day of July of the same year. The third act of trespass complained of was that the defendant on the next day was on the premises and with divers threats tried to menace and dispossess the plaintiff.   The fourth act was that the defendant nailed up the plaintiff's barn on the premises on the twenty-sixth day of July of the same year.

To the first two actions, namely, the taking of the rhubarb and cutting and hauling off the hay, the plaintiff pleaded the general issue, and denied that he had ever taken off the rhubarb or the hay; and though there was some evidence of acts and conduct between the parties indicating other defenses, the denial of ever taking the rhubarb or hay was the principal defense; and in these two cases there was no equitable defense filed.

In the other two cases, namely, the acts of trespass complained of as taking place on July eleventh and twenty-sixth, the defendant filed a plea in equity under the Stat. of 1893, c. 217, and in which he alleged:—" . . . that he was authorized and directed by the said Horace E. Field on the 13th day of September, 1890, to

purchase for and in behalf of the said Horace E. Field the premises described in this action; and thus acting under the authority and by the direction of said Field, said Lang purchased said premises of Lucinda H. Field, widow of the late Cyrus Field, and paid therefor from his own money $150; and that he the said defendant now claims that said title is in himself and that he has always been and is ready and willing to deed said premises to said Field and will now upon being reimbursed for said sum paid out for said real estate—and furthermore he had a license from said Field to have charge and control of said premises long before this title was conveyed to said Lang; and said license has never been revoked and the defendant now asks that said plaintiff be restrained, estopped and enjoined from prosecuting said defendant for trespass on said property, and be either compelled to pay said defendant the money said Lang has paid for said premises or release his, said Field's claim, on said premises."

Besides the facts stated in the former case, 87 Maine, 442, it appeared subsequently that dower was set out to the widow, Lucinda H. Field, and it was taken and sold upon execution in favor of the plaintiff, Horace E. Field, in this action. The acts of trespass complained of in these cases were, as the plaintiff alleged and introduced evidence to show, on this dower interest.

*H. Hudson*, for plaintiff.

*F. W. Hovey*, for defendant.

Actions at law and suits in equity cannot be joined. Enc. Pl. and Prac. pp. 175–176; *Cherokee Nation* v. *So. Kan. R. Co.*, 135 U. S. 641; *Hurt* v. *Hollingsworth*, 100 U. S. 100; *Donnelly* v. *Dist. of Columbia*, 119 U. S. 340.

Same rule applies to the Law and Equity Act of 1893.

The rule of consolidation, as laid down in the books, is for the benefit of defendant and where, upon his motion, his rights are better protected, he can have this done; but when he is injured thereby, the hardship becomes additionally great. In all the cases where the defenses are different the court has no discretion. 4 Enc. Pl. and Prac. 679; Chit. Pl. p. *421, note; *Worley* v. *Glentworth*, 10 N. J. L. 241; *Thompson* v. *Shepherd*, 9 Johns. 262;

*Dunning* v. *Bank of Auburn*, 19 Wend. 23; *Powell* v. *Gray*, 1 Ala. 77.

In all the cases the rule is recognized with steadfastness that the defenses must be the same in order to consolidate. But the courts go still further and hold that the defense must be the same, or there must be no defense, or the questions arising must be identical. *Wilkinson* v. *Johnson*, 4 Hill, N. Y. 746; *Logan* v. *Mechanics Bank*, 13 Ga. 201; S. C. 64 Ga. 684; *Young* v. *Davidson*, 31 Tex. 153.

In general, claims to equitable relief and to a judgment at law cannot be prosecuted in the same action. *Mayo* v. *Malden*, 4 Cal. 27; *Harvey* v. *De Witt*, 13 Gray, 536; *Ind. Sch. Dist.* v. *Hayes*, 50 Iowa, 322.

In the suits at bar the judgments must necessarily be different. In the two cases where the equitable defense relief is prayed for, and is a right given by statute, and when, on defendant's motion, these were transferred into equity, the same remedies were necessarily changed. The defendant had different and unlike defenses; they were not identical; and the fact that he was found guilty by his own admissions and pleadings, in the last two cases, weighed heavily against him in the first cases, where the trespasses were strongly denied.

SITTING: PETERS, C. J., FOSTER, HASKELL, WHITEHOUSE, WISWELL, STROUT, JJ.

HASKELL, J. Four actions of trespass q. c. brought the same day for four several trespasses upon the same close, one May 30th, one July 10th, one July 11th and one July 26th, 1893. The cases were ordered on trial together, and verdicts for nominal damages were rendered for the plaintiff in each case.

I. Exception is taken to the order that the cases be tried together. The cases were all of the same nature, between the same parties, touching the same locus and might well have been included in one action at the beginning, instead of incurring the expense of four writs all sued out the same day. The discretion

of the presiding justice in ordering one trial was wisely exercised, and, moreover, is not the subject of exception. *Dunn* v. *Kelley*, 69 Maine, 145; *Pettengill* v. *Shoenbar*, 84 Maine, 104. It should be noticed that these actions were not consolidated, but ordered on trial together, leaving each case otherwise subject to the same procedure as if tried separately. Authorities as to the consolidation of actions do not fully apply. The order complained of is the exercise of a discretion touching the order and dispatch of business long exercised in Massachusetts and hitherto here unquestioned. *Witherlee* v. *Ocean Ins. Co.*, 24 Pick. 67; *Kimball* v. *Thompson*, 4 Cush. 445; *Springfield* v. *Sleeper*, 115 Mass. 587.

II. Exception is taken to the ruling of the presiding justice made at the close of the evidence, which is voluminous, that the title to the locus was in the plaintiff, and that the evidence did not estop him from recovering damages, or show a license for the defendant's acts. The ruling is very broad, and the exceptions do not disclose to what particular legal propositions it applies, and hardly come within the rule of *McKown* v. *Powers*, 86 Maine, 291. At any rate, no error of law is perceived.

III. The remaining exception is to a ruling, in substance, that if plaintiff held possession of the locus through an agent he might have trespass for injury to the possession. Of course he could. If the possession was his, he should have damages for its disturbance. If it was not his, then he suffered no injury and can have no damages. *Bank* v. *Wallace*, 87 Maine, 33.

IV. A new trial is asked because the verdict is both against the law and evidence. A careful examination of the case does not clearly show error; and, moreover, verdicts are hardly to be disturbed, on motion of defendant, where the damages assessed are nominal, and the judgment will settle little but damages.

V. The newly-discovered evidence does not come within the rules that, in such cases, make it effective. *Michaud* v. *Canadian Pacific Railway Co.*, 88 Maine, 381.

*Motion and exceptions overruled.*