RICHARD H. LODGE, p. b. a. *vs.* ALFRED L. AINSCOW and
GEORGE W. AINSCOW, late trading as A. L. AINSCOW &
COMPANY, d. b. r.

*Appeal—Acknowledgment by One Member of Firm—Statute of*
*Limitations—Application of Payments—Presumption*
*Arising from Payment by Plaintiff*
*to Defendant.*

1.  The general rule of law is that when a payment is made by the
debtor, he has a right to direct in what manner it should be applied, but if
he fails to do so the right then passes to the creditor, and if he fails to make
the application the law will apply the payment to extinguish that obligation
which is earliest in date of maturity, unless equity, considering the circum-
stances of the case, requires a different course. A similar rule obtains in
the case of open accounts, where there are debits and credits. In such cases
the credits are applied so as to extinguish first those items which are earliest
in point of time.

2.  An acknowledgment by one of the defendants as to the indebted-
ness of the defendants to the plaintiff made prior to the dissolution of
defendants' partnership, would be sufficient to prevent the bar of the statute
of limitations, and a similar acknowledgment made after the dissolution of
the firm would be immaterial so far as concerns the operation of the statute
of limitations.

3.  The weight to be given to the fact that after the accruing of the
plaintiff's cause of action, he, the plaintiff, paid money to the defendants,
is a question for the jury in view of the other portions of the evidence in
reference to such payment.

(*May 30, 1898.*)

LORE, C. J., and SPRUANCE and GRUBB, J. J., sitting.

*Lilburne Chandler* for plaintiff.

*J. Frank Ball* and *William Michael Byrne* for defendants.

Superior Court, New Castle County, May Term, 1898.

APPEAL from a judgment by a Justice of the Peace.

Action to recover a balance of $166, claimed to be due from
the defendants to the plaintiff for services, with interest thereon
from December 22, 1895. (See further facts in charge of Court.)

At the trial plaintiff's counsel sought to introduce testimony tending to prove certain statements made by one of the partners, admitting his indebtedness to the plaintiff, after the dissolution of the partnership.

Counsel for plaintiff asked the following question:

"Will you state if George W. Ainscow, one of the members of the defendant firm, admitted to you, after the dissolution of the partnership on January 2, 1896, that your claim had not been paid, and if he gave his reasons why it had not been paid?"

This was objected to by counsel for defendants, on the ground that no statements made by one member of a partnership after the dissolution of the firm can bind any other partner in that firm. He is the same as an agent, and his agency having expired, no other member of the firm can be bound by his admissions made after the dissolution.

*1 Lindsay on Partnership, 129; Hogg vs. Orgill, 34 Pa. St. 344; Nicholas vs. White, 85 N. Y. Rep., 531.*

Counsel for plaintiff claimed that whatever was said by one of the partners rendered both partners liable, and under *1 Harrington, 23*, the admissions of a party having a community of interest with the other defendants are evidence against them all.

The Court admitted the question and answer, subject to be ruled out later if the facts disclosed should justify it, and the witness proceeded to reply as follows: He said "that it was all right, that I would get my money. That they had not got straightened up yet."

Exception noted for defendants.

SPRUANCE, J., charging the jury:

Gentlemen of the jury:—This is an action brought by Richard H. Lodge against Alfred L. Ainscow and George W. Ainscow, late trading as A. L. Ainscow & Co., to recover a balance of $166.00 claimed to be due from the defendants to the plaintiff for services, with interest thereon from December 22, 1895.

The plaintiff's account, as appears from his bill of particulars filed, is for labor or services as follows: From October 15, 1893,

to October 15, 1894, 52 weeks at $6, amount $312.00 ; from October 15, 1894, to October 15, 1895, 52 weeks at $6, amount $312.00 ; from October 15, 1895, to December 22, 1895, 10 weeks at $6, amount $60.00 ; 100 nights at $0.50, amount $50.00— making a total of $734.00 ; on which account the plaintiff admits that he has received payments at sundry times amounting to $543.00, and allows 25 days lost time at $1.00 per day, amounting to $25.00, making total credits $568.00; leaving a balance due him of $166.00.

The plaintiff claims that these services were rendered under a special verbal agreement which fixed the rate of his compensation, the character of his services, and the rate of allowance for lost time.

One of the defences pleaded by the defendants is the statute of limitations, which in cases of this kind limits the time of bringing the suit to three years after the accruing of the cause of action. This is an appeal from the judgment of a Justice of the Peace in a suit brought before him on July 8, 1897, and if any part of the plaintiff's cause of action is barred by the statute it could only be that part which accrued between October 15, 1893, and July 8, 1894, or a little less than nine months.

It is admitted that upon the plaintiff's claim there has been paid $543, which is very much more than is claimed to have been earned during this period.

The general rule of law is that when a payment is made by a debtor, he has a right to direct in what manner it shall be applied, but if he fails to do so, the right then passes to the creditor, to make whatever application he pleases, but if he also fails to do so, the law will apply the payment to extinguish that obligation which is earliest in date of maturity, unless equity, considering the circumstances of the case, requires a different course.

A similar rule obtains in the case of open accounts, where there are debits and credits. In such cases the credits are applied so as to extinguish first those items which are earliest in point of time, the presumption being that the first item on the

debit side is discharged by the first item on the credit side if the latter be sufficient in amount.

*2 Am. & Eng. Ency. of Law, pp. 435, 437, 461, 462; Pickering vs. Day 2 Del. Ch., 333. Same case in the Court of Error and Appeals, 3 Houston, 474.*

In this case, if neither the defendants who made the payments, nor the plaintiff who received them, applied them to any particular items of the account, the law applies them to the earliest items, and by such application the part of the claim which accrued prior to three years before the commencement of the suit would be extinguished.

But if this part of the claim was not so extinguished, and if the jury believe the testimony of the plaintiff in relation to the acknowledgments of George W. Ainscow, one of the defendants, as to the indebtedness of the defendants to the plaintiff, alleged to have been made on December 22, 1895, and at the other times afterwards prior to January 2, 1896, when the defendants' partnership was dissolved, such acknowledgments would be sufficient to prevent the bar of the statute of limitations, and the similar acknowledgments alleged to have been made by the said George W. Ainscow after the dissolution of the firm would be immaterial so far as concerns the operations of the statute of limitations.

We are asked by the counsel for the defendants to charge you, that, ''Where the plaintiff has, after the accruing of the cause of action for which he sues, paid to the defendants sums of money from time to time, such settlements give rise to the presumption that any sums due theretofore from the defendant to the plaintiff have been paid and it is a question for the jury whether the subsequent payments do not settle and satisfy prior accounts between the plaintiff and defendants.'' In the case of *Callaway vs. Hearn, 1 Houst., 607,* in reference to the contention that the mere fact that, after the accruing of the plaintiff's cause of action, the defendant gave to the plaintiff a judgment note, created a *presumption* that the plaintiff's claim had been paid, Chief Justice Gilpin said: '' This is certainly true as a *general*

*proposition*, and if this fact stood *alone*, without other circumstances, it would be entitled to great weight ; as it would imply a settlement between the parties at that time, and that all claims and demands between them of inferior grade and dignity were included in it, and were extinguished by the security of a higher nature.    It raises, however, at best but a presumption, and as all presumptions of this character may be rebutted, it is not necessarily conclusive in this case.    We say it is not necessarily conclusive for this will very properly depend upon the view which the jury may take of other portions of the evidence."

And so we say in this case, the weight to be given to the fact, if fact it be, that after the accruing of the plaintiff's cause of action he paid rent to the defendants, is a question for the jury in view of the other portions of the evidence in reference to such payment.

The first question to be determined by you from the evidence is whether the plaintiff owed any debt to the defendants for rent, and if so, whether he paid anything to the defendants or one of them, on account of such indebtedness, or whether such payment was made to one of the defendants on his own individual account; for it is only in the former case, that any presumption of any kind, material in this case, could arise.

But if such payment was made to the defendants, or one of them, on account of the plaintiff's indebtedness to the defendants, then in determining the weight to be given to this fact, you are to consider all the evidence before you bearing upon the circumstances, objects and purposes of such payment.

Verdict for plaintiff for $189.07.