THOMAS F. LAMSON *vs.* DIRIGO FISH COMPANY.

Cumberland.      Opinion November 6, 1929.

*Cram & Lawrence,*
*George E. Hill,* for plaintiff.
*Gerry L. Brooks,* for defendant.

SITTING: DEASY, C. J., DUNN, STURGIS, PATTANGALL, FARRINGTON, JJ.

PATTANGALL, J.   On exceptions and motion.  Trover and case.

Plea of general issue and count in set-off for unpaid rent. Special verdicts rendered in favor of plaintiff on count in trover, $296.42; on count in case, $24.40. On count in set-off, nothing was found due defendant.

Defendant was lessee of certain property including a small building which it sublet to plaintiff, who became its tenant at will and who installed therein a plant for manufacturing cod-liver oil, which business he carried on during the year 1923. The business was unsuccessful and on March 1, 1924 he owed defendant, for rent and for merchandise purchased from it, approximately $600 which he was unable to pay.

He discontinued active business about that time and on March 24, 1924 gave a note secured by mortgage of his plant to defendant for the amount due on March 1. He never resumed manufacturing on the premises although he expressed an intention to do so but the mortgaged property, together with certain chattels of his not covered by the mortgage, remained in the building until July 1, 1925. On that date, defendant's lease expired and plaintiff's tenancy automatically terminated. Plaintiff's note still remained unpaid and defendant took possession of the property, storing a part of it on the new location to which it removed and a part in a building of which it had right of occupancy.

In November 1928, plaintiff made final payment on the note and immediately thereafter sought to repossess himself of the mortgaged property. He inquired of defendant's treasurer as to its whereabouts and, being dissatisfied with the result of the inquiry, brought this action.

Plea of general issue was filed with a count in set-off in which rent was claimed from March 1, 1924 to July 1, 1925.

The issues raised at the trial below were: first, was there a demand and refusal upon which the count in trover could properly be based, and, if so, what goods had been converted and of what value; second, was defendant guilty of negligence in the care of plaintiff's property after taking same into its possession, and, if so, to what extent was plaintiff damaged thereby; third, had defendant a just claim against plaintiff for rent after March 1, 1924.

The jury found for the plaintiff upon each of these propositions.

The sole exception relied upon by defendant is to the admission

of a letter written by plaintiff's counsel to it, dated November 20, 1928, some three weeks prior to the issuance of the writ, demanding the return of the property which plaintiff alleges was converted.

The objection to the admission of the letter rested on the proposition, as stated in the bill of exceptions, that it was admitted "without laying a foundation therefor by showing any duty on the part of the defendant to deliver such goods to the plaintiff." *Fifield* v. *Maine Central Railroad*, 62 Me., 83, is relied upon in support of this objection.

But that is not the doctrine of the authority quoted. It was there held that mere non-compliance with a written demand, without refusal, was insufficient to support an action of trover, in cases where the party upon whom the demand was made was under no duty to make redelivery.

The written demand, in the instant case, standing alone, was insufficient. It was, however, admissible. Unaccompanied by evidence of a refusal, it became immaterial and might even be deemed to have been prejudicial if no evidence of refusal had been offered. But there was such evidence and the jury passed upon its value after having received presumably correct instructions on the point. Defendant takes nothing by this exception.

Defendant's motion, so far as the affirmative verdicts in plaintiff's favor are concerned, presents no question to this court. That defendant did in 1925 take possession of plaintiff's property and has since retained it, is admitted; that in November 1928, plaintiff became entitled to repossess it, is also admitted. There is no question but that return was demanded and whether that demand was or was not refused, as to a portion of the property, was essentially a question for the jury. The finding, in this respect, can not be disturbed.

The jury also found that the portion of the property which was finally returned had been slightly depreciated by defendant's negligence and there was evidence warranting that finding.

A more disturbing question arises concerning the negative verdict regarding defendant's claim in set-off. This was for rent of the premises occupied by plaintiff as tenant at will, during the period between March 1, 1924 and July 1, 1925, which, at thirty dollars per month, amounted to $480.

The original contract was for rent at $30 per month. In the absence of a later agreement to the contrary, this contract continued in force until the termination of the tenancy. There is no evidence of such termination prior to July 1, 1925. Nor is there any evidence of a change in the amount of rent to be charged. True, plaintiff testified that at some time he said to the president of defendant company, "I wish you would go as lightly as you can on that rent: I don't know what I am going to do about it"; and that the president replied that he would see the treasurer of the company about it and, "he guessed that would be all right"; and plaintiff added, "That was all."

Certainly there was no new contract there; nor any modification of the existing contract. Defendant did not, after March 1, 1924, carry any charge for rent against plaintiff on its books. The reason given was that it regarded such a charge as probably uncollectable. The charge for rent might not have been pressed excepting for this litigation. But that does not affect the legality of defendant's claim.

The presiding Justice instructed the jury that the tenancy did not terminate until July 1, 1925, and that the rent continued at $30 a month unless there was an agreement to change the rental, in which case defendant was entitled to such an amount in set-off as the evidence warranted. Apparently the jury paid no attention to this instruction. There certainly was no evidence of an agreement that plaintiff should cease to pay rent after March 1, 1924. Defendant made no attempt to collect rent after that date but this is not surprising in view of the fact that it was not until within a few days before the beginning of this suit, in December 1928, that it succeeded in collecting what was due from plaintiff for rent prior to March 1, 1924, and then only after having instituted disclosure proceedings on two different occasions.

No reasonable construction of the evidence sustains the finding of the jury that nothing was due defendant on his count in set-off.

Plaintiff urges, on the authority of *Hall* v. *Glidden*, 39 Me., 445, that a charge for rent of real estate can not be sustained in set-off. The case does not so hold. It holds that such a charge can not be made the subject of set-off where there is no contract for price; in other words, where the claim is unliquidated. There is no reason

why a charge for rent, based upon a contract, for a sum liquidated or one that may be ascertained by calculation, should not be presented in set-off. Such a claim is within the statutory limits. Sec. 75, Chap. 87, R. S. 1916.

Plaintiff also claims that the final payment on the note of March 24, 1924, made in November 1928, was in full satisfaction of all claims of defendant against plaintiff. There is no foundation for this claim. True, plaintiff testified that at the time he made the last payment on the note, he asked the attorney for defendant who was employed to collect it, "If there was anything more of any shape, form or manner, and he said 'No.' " This conversation obviously referred to matters then in the attorney's hands for collection. The inquiry was doubtless made for the purpose of ascertaining if the entire claim secured by the mortgage, principal, interest and costs, including costs of disclosure, was entirely paid. All claims then in the attorney's hands had been satisfied. He could not speak for his clients concerning claims which had not been entrusted to him and about which he knew nothing.

Plaintiff suggests that judgment in the present case might properly be affirmed without prejudice to the right of defendant to bring a new action for rent. Defendant raises certain objections to such action on the part of the court which seem to be based on sound legal and eminently practical grounds.

*Motion sustained.*
*New trial granted.*