ANNA E. BARTON, EXECUTRIX *vs.* GEORGE C. McKAY.

ANNA E. BARTON, EXECUTRIX *vs.* ETHEL L. McKAY.

Hancock.      Opinion, July 16, 1937.

*Percy T. Clarke*, for plaintiff.
*Herbert L. Graham*, for defendants.

198

STURGIS, J.   These are actions of assumpsit against the maker
and indorser of a promissory note given to the plaintiff's testator.
In each action, the plaintiff declares against the defendant severally
and in accordance with his or her apparent liability on the face of
the instrument, and the defendant pleads the general issue with a
brief statement alleging a partial payment made upon account of
the principal and interest of the note. The maker, in the suit
against him, filed a claim of set-off for rent. The cases, tried to-
gether by agreement, after verdicts for the plaintiff come forward
on her exceptions and general motions for new trials.

## EXCEPTIONS

In objecting to the admission of evidence in support of the set-
off claimed by the maker of the note, the plaintiff invoked the rule
that at law in actions against several defendants neither is en-
titled to set off his separate debt against the plaintiff. *Banks* v.
*Pike*, 15 Me., 268; *McGuinness* v. *Kyle*, 208 Mass., 443, 94 N. E.,
700; *Brooks* v. *Stackpole*, 168 Mass., 537, 47 N. E., 419. See 57
Corpus Juris 457 n. 96 and cases cited. The rule is embodied in the
statutory provision in force in this state that the right of set-off
is limited to demands due from all the plaintiffs to all the defend-
ants jointly. R. S., Chap. 96, Sec. 78. If there are several plaintiffs,
the demands must be due from all jointly and, if several defendants,
to all jointly. Mutuality is implied in the word set-off, not the
nominal mutuality indicated by the record but the real mutuality
shown by the evidence. *Collins* v. *Campbell*, 97 Me., 23, 25, 27, 53
A., 837.

The rule, however, has no application in these cases. The note de-
clared upon, which is one and the same in each action, is not joint
upon its face but several, and the indorser is not a co-maker or joint
promisor under the Uniform Negotiable Instruments Act. R. S.,
Chap. 164, Secs. 63, 64. Indicating no intention to be bound in any
other capacity, she is an indorser with all that term implies. *Ingalls*
v. *Marston*, 121 Me., 182, 184, 116 A., 216. The liability of an in-

dorser is contingent, secondary to that of the maker and dependent upon substantially different conditions and contingencies. It is a several obligation and, in the absence of statute, a joint action can not be maintained against the indorser and the maker. *Scarbrough* v. *City Nat. Bank*, 157 Ala., 577, 48 So., 62; *Hough* v. *New Smyrna State Bank*, 61 Fla., 290, 55 So., 462; *Harvard Pub. Co.* v. *Benjamin*, 84 Md., 333, 35 A., 930; *Fawcett* v. *Fell*, 77 Pa. St., 308; 3 Ruling Case Law, 1135; 8 Corpus Juris, 853; Ann. Cas., 1912 D, 1201.

The severalty of the rights and liabilities of the defendants as maker and indorser of the note in suit are not affected by the trial of the cases together. This was done by agreement of the parties and undoubtedly by order of the court as an expedient to save costs and delay. The actions were not consolidated but ordered on trial together, leaving each case otherwise subject to the same procedure as if tried separately. They continued separate so far as concerns the docket entries, verdicts, judgments, and all aspects save only the one of joint trial. The parties in one suit did not become parties in the other and their rights and obligations remained unchanged. *Field* v. *Lang*, 89 Me., 454, 36 A., 984; *Lumiansky* v. *Tessier*, 213 Mass., 182, 99 N. E., 1051; *Mutual Life Ins. Co.* v. *Hillmon*, 145 U. S., 285, 293, 12 S. Ct., 909; *Railroad* v. *Continental Trust Co.*, 95 Fed. Rep., 497, 506. The rule of set-off invoked is not made applicable to these cases by the trial procedure adopted. The maker of the note was entitled to a set-off of the debt or demand due him severally from the plaintiff's testator. A demand against a deceased person may be set off in an action prosecuted by his executor. *Adams, Adm'r.* v. *Ware*, 33 Me., 228; R. S., Chap. 96, Sec. 83. A charge for rent, based upon a contract, for a sum liquidated or one which may be ascertained by calculation may be presented in set-off. *Lamson* v. *Fish Company*, 128 Me., 364, 147 A., 655.

No other objection to the admission of the evidence offered in support of the plea of set-off having been raised at the trial or on the briefs, for the reasons stated the exception reserved in the action against the maker of the note must be overruled. So, too, with the exception in the suit against the indorser. When proof of set-off, offered by the maker, was admitted, the plaintiff reserved exceptions in both of the actions on trial. The indorser had not pleaded

and did not claim a set-off. It is to be assumed that the evidence was received solely in support of the issue framed in the action against the maker of the note and the jury instructed to disregard it in the other case. Their verdict indicates that they did so and the plaintiff suffered no prejudice.

## MOTIONS

On October 4, 1934, George C. McKay of Bar Harbor made and delivered to Arthur L. Graves, otherwise known as Arthur Graves, a resident of the same town, his promissory note for $7,000 payable one year after date, with interest at six per cent. It seems to be conceded that on the same day the note was indorsed on the back by Ethel L. McKay and her indorsement was unqualified. There is convincing evidence in the record that on October 10, 1935, a few days after the note became due, the maker paid the payee $4,000 on account of principal, and a year's accrued interest. On November 12, 1935, the payee died and the plaintiff, having been duly appointed executrix under his will, promptly demanded payment and commenced these actions against the maker and indorser. The cases being tried together, the jury in their verdicts properly gave each of the defendants credit for the partial payment made on the note by the maker. The plaintiff shows no warrant in law or in fact for disturbing the verdicts on this ground.

The set-off claimed by the maker of the note presents a more serious question. Even if the plea filed is viewed as sufficient in form and substance, the case having gone to verdict without objection thereto, the claim is supported by little evidence of probative value and is contrary to the natural presumptions which arise. The record shows that the defendant, George C. McKay, owned a seven-room house on Rodick Street in Bar Harbor known as the Etter place, which on or about April 30, 1932 he let to the plaintiff's testator, Arthur L. Graves, at a rental of $40 per month. The decedent occupied the house until on November 12, 1935 he died. There is no direct proof that he did or did not pay his rent as it came due, except that on October 10, 1935, when his landlord paid $4,000 and accrued interest on account of the note in suit, which he had given the tenant the year before, witnesses testify that the lat-

ter on receiving the money said, "The first of the year we'll fix up the note and *the rent*." On the strength of this assurance, with no evidence whatsoever as to the amount or time of accrual of the rent referred to, supplemented only by proof of the decedent's occupation of the premises and the monthly rental reserved, the jury allowed the maker of the note a set-off of the full amount of rent accrued during the entire occupation of his house by the decedent in his lifetime and until January 1, 1936 thereafter, an aggregate sum of $1760 which in their verdict, with the partial payment on account already referred to, was deducted from his liability on his note.

It is true that the plaintiff exhibited no receipts for the rent nor other direct proof that any part of the rent had been paid. But even though it is proved that at one time there was an indebtedness from one person to another, it is held that subsequent acts of the persons concerned inconsistent with the continued existence of such indebtedness may raise a rebuttable presumption that the debt has been paid. Thus where one person pays money to another or gives him his written obligation for the payment of money, it will be presumed that any pre-existing indebtedness of the latter to the former has been paid. *McIntrye* v. *Meldrim*, 63 Ga., 59 ; *Lodge* v. *Ainscow*, 17 Del., 327, 41 A., 187 ; *French* v. *French*, 84 Iowa, 655, 662, 51 N. W., 145 ; *Read* v. *Smith*, 1 Hun. (N. Y.), 263 ; *Steitz* v. *Priddis*, 30 N. Y. S., 762 ; *In re Wood's Will*, 201, N. Y. S., 716 ; *Lindsay* v. *McCormick*, 82 Va., 479, 5 S. E., 534; 48 Corpus Juris 689 notes. This doctrine is applicable here. When the defendant, George C. McKay, gave his note for $7,000 to the decedent Graves, the latter had been his tenant for two years and five months and at the rental agreed upon, if no payments had been made, owed him $1160. It is difficult to believe that accrued and unpaid rentals to this amount were not included in making up the account for which the note was given. Equally improbable is the maker's claim as indicated by his demand in set-off, that rent due for the use and occupation of the premises during the entire term, never having been paid or credited in prior transactions, was again left outstanding when so substantial a payment in money on October 10, 1935, was made on the note. "Is it to be supposed that a prudent man would pay money on his note, without having a settlement of his open accounts against the holder of it? When men hold cross-demands

against each other, prudence suggests that neither should pay money to the other, except as the result of a balancing." *Baldwin* v. *Walden,* 30 Ga., 829, 831. We are of opinion that the plaintiff was entitled to the benefit of the presumption of payment of her decedent's indebtedness for rent arising out of his taking the note and receiving payment on account from the maker.

The plaintiff's verdict against the maker of her decedent's note, however, is manifestly wrong on another ground. The set-off allowed the defendant, George C. McKay, included three months rent accrued after his tenant, the payee of the note, died. There is no authority for allowing this item of the set-off. So far as the record shows, the decedent was a mere tenant at will of the house which he occupied and his death, by implication of law, terminated the tenancy. The landlord's right to rent, so far as he or his estate was concerned, ended with this determination of the term. *Robie* v. *Smith,* 21 Me., 114; *Rising* v. *Stannard,* 17 Mass., 282; 68 A. L. R., 595 n. Whether the tenant's executrix or some other person occupied the premises thereafter is here of no concern. Demands against a person belonging to a defendant at the time of the death of such person only may be set off against claims prosecuted by his executor or administrator. R. S., Chap. 96, Sec. 83. See *Rich* v. *Hayes,* 101 Me., 324, 64 A., 656; 24 Corpus Juris 756. The erroneous inclusion of items of rent accruing after the payee's death in the set-off allowed compels a revision of the verdict in the action against the maker of the note.

In the action of *Anna E. Barton, Executrix* v. *George C. McKay,* No. 2714 on the docket of the Trial Court, the entry is

*Exception overruled.*
*Motion granted.*
*New trial ordered.*

In *Anna E. Barton, Executrix* v. *Ethel L. McKay,* No. 2715 on the same docket, the entry is

*Exception overruled.*
*Motion overruled.*