**KITTERY ELECTRIC LIGHT CO.**

v.

**ASSESSORS OF the TOWN OF KITTERY and Inhabitants of the Town of Kittery.**

**NEW HAMPSHIRE ELECTRIC CO.**

v.

**ASSESSORS OF the TOWN OF KITTERY and Inhabitants of the Town of Kittery.**

**PUBLIC SERVICE CO. OF NEW HAMPSHIRE**

v.

**ASSESSORS OF the TOWN OF KITTERY and Inhabitants of the Town of Kittery.**

Supreme Judicial Court of Maine.

May 16, 1966.

Before WILLIAMSON, C. J., and WEB-BER, J., TAPLEY, MARDEN, and DU-FRESNE, JJ.

Pierce, Atwood, Scribner, Allen ·& Mc-Kusick, by Vincent L. McKusick and Sigrid E. Tompkins, Portland, for plaintiffs.

Charles W. Smith, Saco, Francis F. Neal, Kittery, for defendants.

RESCRIPT

DUFRESNE, Justice.

The three plaintiffs appeal from the several judgments entered in the Superior Court in their favor and the joint defendants cross-appeal. These appeals and cross-appeals were docketed and heard together in this Court [the 1453 appeals]. The low-er Court's disposition of the plaintiffs' appeals from assessors' refusal to abate their respective 1961 taxes furnishes the subject matter of the instant proceedings. In the companion case decided this day, [the 1452 appeals], 219 A.2d 728, the plaintiff Kittery Electric Light Co. appealed the lower Court's decision respecting the 1960 tax and the joint defendants cross-appealed therein. While the 1452 appeals were heard on the merits, the 1453 appeals raise a preliminary question, to wit, the propriety of the appeals themselves relative to the manner of use of the appellate process. Indeed, plaintiffs and defendants appeal from the lower Court's dismissal of their appeals for untimeliness.

The record establishes that the three plaintiffs, as taxpayers in the town of Kittery, Maine, had appealed to the Superior Court from the refusal by the town assessors to abate their respective taxes. There were four separate cases, involving respectively the 1960 taxes of Kittery Electric Light Co., the 1961 taxes of Kittery Electric Co., the 1961 taxes of New Hampshire Electric Co., and the 1961 taxes of Public Service Co. of New Hampshire. Although no formal order of consolidation was entered, the four cases were heard together by a single Justice of this Court acting in the Superior Court. In single memorandum of findings and decision, under date of January 28, 1965, he made orders for judgment in favor of the respective plaintiffs in each case in the respective varied amounts to which he found the respective plaintiffs entitled. Pursuant to M.R.C.P. 58, the Clerk on January 29, 1965, entered separate judgments on the individual docket of each case. No subsequent docket entry therein appears except the notation of the filing of a single joint notice of appeal, by the plaintiffs on March 30, 1965, and by the defendants on March 23, 1965 and April 20, 1965. We note that the filing of these notices of appeal were more than 30 days from the entry of the judgments. In the Kittery Electric Light Co. case in the 1452 appeals, a motion for amendment of findings and judgment un-

der M.R.C.P. 52(b) was made; that stopped the running of the time for appeal as to that case and that case alone. M.R.C.P. 73(a). Indeed the motion was made by the single plaintiff, Kittery Electric Light Co., captioned in the following style:

| | |
|---|---|
| KITTERY ELECTRIC LIGHT COMPANY<br>VS.<br>ASSESSORS OF TOWN OF KITTERY, et al | DOCKET NO. 4449<br>(Tax Year 1960) |

and prayed specifically for amendment of findings and judgment in relation to the taxes for the year 1960. No attempt was made to stop the running of the time for appeal as to any of the other three judgments, and the same became final upon the expiration of 30 days from the time of their entry.

The question at issue is, whether the presiding Justice below was in error when he dismissed the instant appeals because the notice of appeal was filed more than 30 days after the entry of the judgments.

The defendants contend that where there was a virtual consolidation for trial of the four separate cases, the filing of the motion to amend the findings and judgment in one of them should benefit all and stop the running of the time for appeal in each case. The argument does not stand close legal scrutiny.

As pointed out in Field & McKusick, Maine Civil Practice, Comments § 42.3, consolidation when formally ordered, may mean (1) "consolidation for purposes of a joint hearing or trial on any or all issues," or (2) "full consolidation of the actions with the same consequences as if a single action had been brought at the outset."

In these cases, there was no formal consolidation, no formal order of consolidation for us to construe as to its intended reach or character. There was simply a mutual understanding among the parties and the Court that the four cases were to be tried together. The procedural unity ended with the ending of the trial.

Mere agreement by the parties, to try together the four separate tax abatement appeals involving different years of taxation and different parties but having issues common to all, and their subsequent joint trial, did not merge the several actions into one single one, but left each case, except for the hearing or trial, thereof subject to the same procedure thereafter as if tried separately. See, Field v. Lang, 89 Me. 454, 36 A. 984; Lardner v. Cook, 152 Kan. 266, 103 P.2d 849 (1940).

The parties and the Court did not adhere strictly to these stated legal imports, as the Court dismissed the single defendants' appeal from the three separate judgments relative to the 1961 taxes in one single decree on one single motion, and the reason for dismissal was the belatedness of the filing of the notice of appeal under M.R.C.P. 73 (a). Duplicity was not raised in the lower Court nor in this Court.

The general rule seems to be that, where multiple actions, separate and distinct, have been brought by different plaintiffs against co-defendants, and the several actions, for the convenience of the parties and to avoid unnecessary costs and delay, were united for purposes of trial only and separate verdicts and judgments were rendered and entered in each of the respective actions in their own individual dockets, then such actions are not treated as consolidated for all purposes so as to permit them to be brought up for appellate review by one joint notice

of appeal as was done in the instant cases, and the majority of the authorities consider such duplicity as fatal to the appeal. See, 4 Am.Jur., Appeal and Error, § 291; 4A C.J.S. Appeal & Error § 593(5); see also, annotations in 36 A.L.R.2d, pages 823, et seq., and 17 Annotated Cases, pages 289 et seq.

Others however view duplicity at most as an irregularity which may be waived by the appellate court or by the parties. See Brown v. Spofford, 95 U.S. 474, 485, 24 L.Ed. 508; Louisville & N. R. Co., v. Summers, (U.S.C.C.A., 6th) 125 F. 719; Waters-Pierce Oil Co. v. Van Elderen et al., (U.S.C.C.A., 8th), 137 F. 557.

Others save the appeal as to some party by dismissing as to the others. See, School District of Hunlock Township et al. v. Northwest Joint School District et al., 380 Pa. 464, 111 A.2d 452 (1955).

Others have found duplicitous appeals innocuous under the rule of substantial compliance. See, St. Marie et al. v. United States et al., (U.S.C.C.A., 9th), 108 F.2d 876 (1940), cert. den. 311 U.S. 652, 61 S.Ct. 35, 85 L.Ed. 417: "The notice of appeal complies with the rule. While we think it would be better practice to file a notice of appeal in each case, it is apparent that notice of appeal was effectually given which, after all, is the purpose of the rule."

■ Where this issue has not been raised in the instant proceedings, we do not wish to indicate what our ruling might be on a duplicitous appeal seasonably taken. The bar should consider the potential danger of a single notice of appeal by multiple parties to separate and distinct judgments in actions consolidated for trial only. Leave to file a joint notice of appeal and to consolidate the cases for purposes of appeal should be obtained from the trial court within the intendment of M.R.C.P. 42(a).

■ But the 1453 appeals were not only duplicitous, they were also untimely, the single joint notices of appeal or cross-appeal having been filed more than 30 days from the entry of the respective judgments appealed from. Such is fatal.

■ Timely filing of notice of appeal in compliance with M.R.C.P. 73(a) is mandatory and jurisdictional, and if notice of appeal is not filed within the time provided, the right to appeal is lost and the appeal must be dismissed. Marten v. Hess et al. (U.S.C.C.A., 6th) 176 F.2d 835 (1949); Agostino et al. v. Ellamar Packing Co., Inc., (U.S.C.C.A., 9th), 191 F.2d 576, 13 Alaska 34 (1951); Deena Products Co. v. United Brick & Clay Workers of America et al., (U.S.C.C.A., 6th), 195 F.2d 612 (1952), cert. den. 344 U.S. 822, 73 S.Ct. 21, 97 L.Ed. 640; Schlink v. Chesapeake & Ohio Ry. Co., (U.S.C.C.A., 6th), 276 F.2d 116 (1960); Wagoner et al. v. Fairview Consolidated School District No. 5, et al., (U.S.C.C.A., 10th) 289 F.2d 481 (1961). Field and McKusick, Maine Civil Practice, Comments § 73.6; Barron and Holtzoff, Federal Practice and Procedure, vol. 3A, § 1553; Moore's Federal Practice, 2d Ed., Vol. 7, § 73.09(6), p. 3148; 4 Am.Jur. Appeal and Error, § 292, and cases cited under No. 8; 4A C.J.S. Appeal & Error § 594(1) and cases cited under No. 47.

The entry will be

Plaintiffs' appeal dismissed.

Defendants' cross appeal dismissed.

RUDMAN, J., did not sit.