JOSEPH KINGSBURY vs. ROSWELL BUTLER.

There is no difference between a note payable "when demanded," and one payable *on demand,* and in both cases the statute of limitations begins to run from the date of the note.

When the statute of limitations is pleaded to an action on promissory note payable "when demanded," the plaintiff will not be allowed to prove the note had been lost for a time, in order to rebut the presumption that a demand had been made.

This was an action of *assumpsit* on a promissory note dated June 4, 1816, payable "when demanded." Plea, that the cause of action did not accrue within six years before the commencement of the suit. On trial in the county court, it appeared the plaintiff had demanded payment of the defendant on the 10th day of July, 1829, a short time before the action was commenced, and

the plaintiff contended that the cause of action did not accrue till such demand was made ; and with a view of rebutting any presumption that a demand of payment had been made previously, he offered to prove that the note had been lost or mislaid for a considerable length of time previous to the demand proved, and commencement of the suit. The evidence was objected to, and rejected by the court. The court instructed the jury, that the cause of action accrued on the execution of the note, and that the plaintiff was therefore barred by the statute of limitations. The jury accordingly returned a verdict for the defendant. The plaintiff excepted to the decision of the court, excluding the evidence of the loss of the note, and also to the charge to the jury ; whereupon the cause was brought up to this court for revision.

FRANKLIN,
*January,*
1832.

Kingsbury
*vs.*
Butler.

*Aldis and Davis, for the plaintiff.*—The words " *when demanded*" may receive a different construction from the words " *on demand.*" A note payable " *when demanded,*" is not due before a demand is made, and it must have been so understood by the parties, at the time the note was executed ; else they would have written it in the common form, " *on demand.*" The words " *when demanded*" very forcibly convey the idea, that the note is not to be paid till the payee demands payment. They signify a condition precedent, which must be performed before the payee has any right to sue for the money. The statute of limitations did, therefore, not begin to run, till the plaintiff made a demand of payment, which, as appears by the case, was not six years before the commencement of the action.

But should it appear to the Court that the expressions, " *when demanded,*" and " *on demand,*" mean the same thing, and are not capable of a different construction, still, it is contended, no cause of action accrued in this case till a demand of payment was made. It has been considered that a note payable on demand, is payable on presentment, but might be sued without actual demand having been made ; because, say the books, the service of a writ is a demand. But admitting this to be law, it does not follow, that any cause of action arose before the commencement of the suit. A note payable " *when demanded,*" or " *on demand,*" is payable at the will of the payee ; and until he signifies his will by making a demand, the note cannot be said to be due, and all the authorities which say, that no demand is necessary before bringing an action, virtually acknowledge that *some* demand is necessary ; for, say they, " the commencement of the suit is a demand"—

FRANKLIN,
January,
1832.

Kingsbury
vs.
Butler.

clearly implying that without some sort of demand a recovery cannot be had. No adjudged case has established the principle, that such a note is payable before a demand ; but for the convenience of the payee, the courts have considered that the commencement of a suit may be construed into a demand. From that time the note is due, and then, and not before then, does the statute begin to run. If there has been a previous demand, then it begins to run from such actual demand.—*Topham* vs. *Braddick*, 1 *Taun. Rep.* 571 ; 2 *Stark, Ev.* 891.

The plaintiff contends that the court erred, in rejecting the evidence to prove that the note had been lost for a time previous to the commencement of the action. This evidence was proper as it furnished a reason for not demanding payment before the six years had run, and to do away any presumption, that a demand had been made.

*Hunt and Beardsley, for the defendant.*—It is contended by the defendant that a note payable "when demanded" is really a note payable *on demand*, and agreeably to the usages of law, due and payable on the execution thereof; and no act or demand is necessary to lay the foundation of a suit : of course, the cause of action did accrue to the plaintiff at the date of the note, and not at the time of the pretended demand of payment.—*Bal. on Limitations*, 318 ; 1 *Sw. Dig.* 699 ; *Willes' Rep.* 632 ; 2 *Stark.* 622. The note having been lost could not vary the case, nor alter the time when the cause of action accrued to the plaintiff : therefore, the court did right to exclude the testimony offered to that point.—*Bal. on Lim.* 84 ; *Bayley on Bills*, 196 ; *Thrackroy* vs. *Blacket*, 3 *Camp.* 145.

WILLIAMS, J.—It would seem as though there was no question in this case, except whether a note payable *when demanded* requires any thing on the part of the payee more than a note payable *on demand*. There may be a distinction, and, as has been facetiously remarked, the law is a science of distinctions ; but if there is one, it is so subtle as to escape our observation. If the expressions mean the same thing, both of the questions which have been presented here, have been settled so long, and are so well recognized by every reporter and every elementary writer, that it is altogether useless to enquire, whether they were correctly settled. In *Cro. Eliz.* 48, it was decided, that a promissory note or bill payable on demand, was due immediately, as it was founded

FRANKLIN,
January,
1832.

Kingsbury
vs.
Butler.

on a precedent debt or duty ; and that no request need be alleged in the declaration on such note. This was considered so well and definitively settled that when *Saunders*, in the case of *Birks* vs. *Trippet*, 1 *Saun.* 32, was urging the difference between the case, where a promise was made to pay a precedent debt, and a collateral sum, upon request, *Twisden*, Judge, interrupted him and said, " what makes you labour so, the court is of your opinion, and the matter clear."

When the promise to pay on demand, is founded on a precedent debt, it is due immediately. So an action may be commenced immediately. The statute of limitations gives no longer period than six years on notes not witnessed, and fourteen years on notes attested, within which an action may be commenced. In *Collins* vs. *Denning*, reported in 3 *Salk.* 227, and 12 *Mod.*, it was held that the proper plea to a declaration on a promise to pay on demand, was "*non assumpsit infra sex annos*," because the cause of action accrued from the time of making the promise, and not from the demand, which was unnecessary. In *Buller's Nisi Prius* 181, these cases are recognized, and, indeed, it necessarily follows from the doctrine, that an action may be commenced immediately on such a note, that the statute of limitations will run in six years from the date of the note. The decision of the county court in their charge to the jury was right, and in accordance both with principle and precedent. The law being so established, the course taken by the county court in excluding the evidence offered, was also correct. From the view already taken, the evidence of the loss of the note would have been of no avail to the plaintiff and was wholly irrelevant.

If it had been necessary for the plaintiff to have proved a demand, previous to commencing his action, as it would have been if the promise were to do a collateral thing, which would create no debt or duty unless demanded, the defendant might have pleaded the statute of limitations, and relied upon the presumption, arising from the lapse of time, that a demand had been made more than six years before the commencement of the action. In such a case, and to rebut such a presumption, the evidence offered by the defendant might have been material. But as no such demand was necessary in this case, nor was the defendant driven to rely on such presumption, but, on the contrary, the cause of action accrued, and the statute of limitations commenced running, from the date of the note, the evidence was improper, and was properly rejected.

The judgement of the county court is therefore affirmed.