## YOUNG *versus* WESTON & al.

A memorandum and promise in writing by the makers of a note to pay it *in any time within six years* from the date of the writing, is in law, a promise to pay on demand.

To such a promise the limitation bar begins to run from its date.

And such new promise, though *attested by a witness*, is not a promissory note, but is subject to the limitation bar after six years.

ON REPORT from *Nisi Prius*, RICE, J., presiding.

ASSUMPSIT, upon the following promissory note : — "Jan. 22, 1836, value received, we promise to pay our own order at the Franklin Bank, Gardiner, seven hundred fifty dollars eighty one-hundredths in sixty days and grace.

"Benj. & Nathan Weston."

The note was indorsed by the makers. Partial payments were indorsed upon the note in July, 1838, and May, 1842. This suit was commenced Nov. 9, 1849.

The general issue and statute of limitations were pleaded.

The signature and partnership of defendants were admitted.

Plaintiff read in evidence, though objected to, a writing signed by the defendants, by their said partnership name, and witnessed by H. Stevens, who had since deceased, dated at Gardiner, Jan. 21st, 1842, as follows : " We hereby promise and agree to pay in any time within six years from this date, a note held by the Franklin Bank for seven hundred and fifty dollars eighty one-hundredths and interest on the same, dated Jan. 22d, 1836."

The Court were authorized on the evidence admissible to draw inferences as a jury might and render judgment by nonsuit or default.

*J. S. Abbott,* for defendants.

1. The note being without a witness, and without any payments made upon it within six years before the commencement of this suit, is barred by c. 146, § 1.

2. The memorandum is subject to the same limitation. It is in no way connected with or attached to the note; but is separate and distinct.

3. But if it attaches to the note, it cannot be construed to give the note life for more than six years from the date of the memorandum. It did not suspend or defer the collection of the note for a single day.

4. No action could be maintained upon the memorandum alone. It is without any consideration of itself.

*H. W. Paine,* for plaintiff.

1. The Court, sitting as a jury, may well infer that the note referred to in the writing is the note in suit, the amount, the date, year, month, and day, place payable, all leave no doubt of it.

2. The writing was therefore a renewal of the note and passed with it to the indorser.

3. The promise was to pay at any time, *at the election of the signers,* within six years, and therefore, no cause of action existed till the expiration of that time, otherwise no effect can be given to the words "within six years."

4. The attestation of the writing was such as avoids the statute bar. *Com. Ins. Co.* v. *Whitney,* 1 Met. 21; *Warren Academy* v. *Starrett,* 15 Maine, 443.

APPLETON, J.— This action is brought upon a note of the defendants for $750,81, dated Jan. 22, 1836, payable to their own order in sixty days from date and by them indorsed. The writ is dated Nov. 9, 1849. The statute of limitations is relied upon as a defence.

To avoid the bar of the statute thus interposed to prevent his recovery, the plaintiff introduces the following memorandum signed by the defendants:—

"We hereby promise and agree to pay *in any time with-*

*in six years from this date,* a note held by the Franklin Bank for seven hundred and fifty dollars, eighty-one hundredths, and interest on the same, dated Jan. 22, 1836.

" Gardiner, Jan. 21, 1842.

"Benj. & Nathan Weston."

" Attest, H. Stevens."

On May 23, 1842, the interest on the note to July 12, 1842, amounting to $174,02, and the further sum of $424,98, were received and indorsed upon the note.

It was held in *Little* v. *Blunt,* 9 Pick. 488, that " a new promise is regarded as a new cause of action, upon which the statute operates in the same manner and for the same period of time as it did before in the original cause of action." When a note or bill is payable on demand, the statute of limitations runs from the date of the instrument, and not from the time of demand, because the right of action accrues immediately upon giving the note. On a note payable with interest on demand, the statute of limitations begins to run from the date of the note. " The debt," remarks Mr. Baron PARK, in *Norton* v. *Ellam,* 2 Mees. & Wels. 461, " which constitutes the cause of action arises instantly on the loan. When money is lent simply, it is not denied that the statute begins to run from the time of lending. Then is there any difference when it is payable with interest ? It is quite clear, that a promissory note, payable on demand, is a present debt, and is payable without any demand, and the statute begins to run from the date of it, then the stipulation for compensation, in the shape of interest, makes no difference, except that thereby the debt is continually increasing *de die in diem.*"

Where a promissory note is payable " on demand with interest after six months," it is due presently. *Rice* v. *West,* 2 Fairf. 323. A promissory note payable on demand, but not to draw interest during the life of the promisor, will support an action upon it immediately after it is given; consequently, the statute of limitations commences running from its date, and not from the decease of the promisor.

*Newman* v. *Kettelle,* 13 Pick. 418. There is no difference between a note payable "*when demanded*" and one payable *on demand.* In both cases the statute of limitations begins to run from the date of the note. *Kingsbury* v. *Butler,* 4 Verm. 458. So too with a receipt for borrowed money, whereby the borrower agrees to pay "whenever called upon to do so." *Waters* v. *Earl of Thanet,* 2 Q. B. 757.

The promise in this case, is to pay "*in any time within six years* from this date." The defendants were bound to be ready at any and all times. It is therefore to be regarded as a promise to pay on demand, and a suit might have been commenced immediately.

But however that may be, the note seems to have been presented and partially paid on May 23, 1842, from which time a period of more than six years has elapsed.

The statute of limitations will defeat the plaintiff's claim to recover, unless he can bring himself within the provisions of R. S., c. 146, § 7, by which an exception is created in favor of "a promissory note which is signed in the presence of an attesting witness." But the memorandum of Jan. 21, 1842, does not purport to be, and is not a promissory note. It is merely a separate promise referring, probably, to the note in suit, and is neither within the spirit nor letter of this section. In *Gray* v. *Bowden,* 23 Pick. 282, it was held, that an indorsement on a promissory note acknowledging it to be due, signed by the maker and attested by a witness, is not an attested promissory note within the meaning of the R. S., c. 129, § § 4, 7, of Massachusetts, which is similar to the statute of this State, upon the same subject, to which reference has been had. The new, as well as the original promise, are alike subject to the statute bar of six years. The action cannot be maintained.

*Paintiff nonsuit.*