SAMUEL BUNKER *vs.* FIFIELD IRELAND.

Somerset.   Opinion May 18, 1889.

*Promissory note.   Guaranty.   Limitations.*

The following agreement: "April 18, 1877, for a valuable consideration to
me paid by S. Bunker and for value received I promise to pay S. Bunker
the within note, it being goods furnished my family.

Witness, J. P. Spooner.

FIFIELD IRELAND."

written on the back of a promissory note of the following tenor:

"$105.                                December 26, 1874.

After date I promise to pay to the order of S. Bunker one hundred and
five dollars and interest in ten equal monthly payments from date, value
received.

ARDELL M. IRELAND."

is not a promissory note, signed in the presence of an attesting witness,—
but a guaranty; and an action upon it as barred in six years.

ON EXCEPTIONS.

Assumpsit on the writing signed by the defendant set out in
the head note. Plea, general issue, with brief statement that
plaintiff's action accrued more than six years prior to the com-
mencement of the action.

The only evidence of consideration for the signing by defendant
of the instrument declared upon, dated April 18, 1877, was the
testimony of plaintiff that he agreed not to enforce payment
of the note, signed by Ardell M. Ireland, for the present but for
no definite time, in consideration that defendant would sign the
instrument declared upon.

The instruction of the court to the jury, upon the question
whether the statute of limitations was a bar to the action, was as
follows :—

"There are several defenses mentioned here set up, and the
first is the statute of limitations. That, under the evidence,
which has been given here, is a question of law entirely. If the
note stood alone it would be outlawed. If the writing on the
back is a promissory note, that being witnessed, it is not out-
lawed ; if not, it would be outlawed, if not a promissory note.

But that depends upon the construction given to the writing. It is therefore a question of law, and, for the purpose of enabling you to settle the facts in the case, that are involved here, I rule, for the purpose of this trial, that it is so far a promissory note that the witness takes it out of the statute of limitations."

There was a verdict for the plaintiff; and the defendant excepted to the ruling of the presiding justice.

*Walton and Walton, A. H. Ware*, with them, for defendant.

The instrument declared upon is not a promissory note, but a guaranty, and barred by the statute although witnessed. R. S., c. 81, § 86; *Young* v. *Weston*, 39 Maine, 492; De Coylar, Guar. & Suretyship, p. 40; Edwards' Bills & Notes, 2d ed., p. 215; *Colburn* v. *Averill*, 30 Maine, 310, 318; 2 Parsons' Notes & Bills, 2d ed., pp. 118, 124; *Bray* v. *Marsh*, 75 Maine, 452; *Hunt* v. *Adams*, 5 Mass. 358; *Moies* v. *Bird*, 11 Mass. 436, 439; *Mecorney* v. *Stanley*, 8 Cush. 85; *Howe* v. *Taggart*, 133 Mass. 284; *Crocker* v. *Gilbert*, 9 Cush. 131; *Dennett* v. *Goodwin*, 32 Maine, 44.

It is not a promissory note, because it is necessary to refer to another contract to ascertain the amount due. It is not payable in money, absolutely, without contingency, either as to amount, event, fund, or person. *Bunker* v. *Athearn*, 35 Maine, 364, 367; Story, Prom. Notes, § 22.

It was necessary to prove consideration of defendant's contract, but not of a promissory note. *Stone* v. *White*, 8 Gray, 589. His liability was contingent. *Chapman* v. *Wright*, 79 Maine, 595.

*J. J. Parlin*, for plaintiff.

The only question raised by the exceptions is whether the paper declared on is "so far a promissory note that the witness takes it out of the statute of limitations." No particular form of words necessary to constitute a promissory note if they import an absolute agreement to pay a certain sum of money. Edwards' Bills & Notes, 2d ed., pp. 118, 207. Here are all the elements of a promissory note. *Ins. Co.* v. *Whitney*, 1 Met. 21, 23; *Grinnell* v. *Baxter*, 17 Pick. 386; *Josselyn* v. *Ames*, 3 Mass. 274; *White* v. *Howland*, 9 Mass. 314, 316; *Ketchel* v. *Burns*, 24 Wend. 456; *Allen* v. *Rightmere*, 20 Johns. 365.

Action is not barred. *Warren Academy* v. *Starrett*, 15 Maine, 443; *Marsh* v. *Hayford*, 80 Maine, 97.

LIBBEY, J. This is assumpsit on an instrument of the following tenor:

April 18, 1877.

For a valuable consideration to me paid by S. Bunker and for value received I promise to pay S. Bunker the within note, it being for goods furnished my family.

His
FIFIELD X IRELAND.
Mark.

Witness, J. P. Spooner.

This instrument is written on the back of the following promissory note.

$105.                                    December 26, 1874.

After date I promise to pay to the order of S. Bunker one hundred and five dollars and interest in ten equal monthly payments from date; value received.

ARDELL M. IRELAND.

The defendant relies on the statute of limitations, and the only question in contention is, whether the instrument declared on is a promissory note, signed in the presence of an attesting witness, or a guaranty,—a collateral undertaking to pay the debt of another.

We think it cannot be held to be a promissory note but must be held to be a guaranty. It is agreed, that the only consideration for it, was temporary forbearance on the part of the plaintiff to enforce payment of the note on which it is written. It goes with that note and has no validity independent of it. It is a "promise to pay S. Bunker, (the payee) the within note." If the note had ceased to have legal validity by payment or any other means, it would be a good defense to the defendant. If Ardell M. Ireland had paid the note after the defendant's promise was written upon it, it would be a good defense to the defendant. *Comm. Ins. Co.* v. *Whitney*, 1 Met. 21.

It is an agreement to pay the debt of another and must be in writing and for a good consideration, to be binding. *Comm. Ins. Co.* v. *Whitney*, *supra*, is relied on by the plaintiff as decisive of

this case. But in that case, the defendant, by his promise in the presence of an attesting witness, admitted the validity of his own promissory note, and agreed to pay it on demand. The promise was an original one, and not a guaranty. The maker of a note can not be a guarantor of it. But that case is in conflict with *Young* v. *Weston*, 39 Maine, 492, decided fifteen years later by our own court; and if we were required to follow either we should follow our own decision. But the facts of this case do not bring it within the authority of either of those cases. In both, the new agreement was by the promisors of the notes. The contract declared on here comes within the definition of guaranty. 1 Bouv. Law Dict. 570, "Guaranty." *Oxford Bank* v. *Haynes*, 8 Pick. 423; *True* v. *Harding*, 12 Maine, 193.

*Exceptions sustained.*

PETERS, C. J., WALTON, DANFORTH, VIRGIN, FOSTER and HASKELL, JJ., concurred.