GEORGE B. FURGERSON, surviving partner, *vs.* ISAAC S.
STAPLES.

Waldo.   Opinion November 20, 1889.

*Town order.   Indorsement.   Transfer.   Liability when void.*

The indorsement and transfer of an over-due town order, by the payee, for
   value, raises a contract on his part, that the order is genuine, and is the
   legal promise of the town that it purports to be; and the purchaser of it,
   after it has been adjudged void, may elect to sue such indorser upon his
   contract and recover the contents of the order according to its tenor, or to
   sue for the consideration paid, and interest upon it.

In such suit, to recover the consideration paid, the amount of the judgment
   should be the balance only after deducting whatever sums may have been
   recovered by the plaintiff from the town, whether by action in his own
   name, or that of the defendant for the plaintiff's use.

ON REPORT.

This was an action brought by the plaintiff, as surviving partner
of the firm, Samuel Otis & Co., to recover the consideration paid,
and interest thereon, by said firm to the defendant for three over-
due town orders, and which were afterwards adjudged by this
court to be void.   *Otis* v. *Stockton,* 76 Maine, 506.   The orders
were indorsed by the defendant.

The writ dated November 10, 1883, contained counts for money
had and received, and for interest for forbearance on money
due and owing.   The specification under the count for money
had and received was as follows :—"the plaintiffs claim to recover
of the defendant, the sum of three thousand dollars, which
they paid to the defendant for three certain writings purport-
ing to be town orders of the town of Stockton, each for the sum
of one thousand dollars, dated November 17, 1877, and made
payable to the defendant or his order, which said writings were
not town orders of said town, and of no value."

It appeared from the plaintiff Furgerson's testimony that the
defendant, in reply to his inquiry, said the orders were all right ;
that he had received a year's interest on them; that he would
indorse them and did so, at the time of their transfer.

*W. H. Fogler*, for plaintiff.

In *Hussey* v. *Sibley*, 66 Maine, 192, it was decided that a town order, passed by a debtor to his creditor for the purpose of paying his debt and received for that purpose, both parties acting in good faith, will not operate as a payment if, at the time, it was utterly worthless for the reason that the drawer and acceptor had no authority to make or accept it.

The same rule obtains in case of a sale of paper which proves to be worthless by reason of want of authority on the part of the drawers and acceptors, and the seller is liable to the purchaser for the amount of the purchase money.

The contrary has been held in but two cases in this country. *Ellis* v. *Wild*, 6 Mass. 321, and *Baxter* v. *Duren*, 29 Maine, 434.

The case of *Ellis* v. *Wild* cannot now be considered as authority. In *Cabot* v. *Morton*, 4 Gray, 156, the case of *Ellis* v. *Wild* is not referred to, but, it is there held that a person who procures notes to be discounted by a bank impliedly warrants the genuineness of the signatures of the makers and the indorsers. The court say (p. 157), "It seems to fall under a general rule of law, that, in every sale of personal property, the vender impliedly warrants that the article is in fact what it is described and purports to be."

In *Merriam* v. *Wolcott*, 3 Allen, 258, the court overruled the decision in *Ellis* v. *Wild*, the court saying, "we think that the authorities which hold the seller to an implied warranty, in such case, that the note is genuine, are in conformity with the principles of sound reason and justice."

In *Hecht* v. *Batchelder*, 147 Mass. 335, the court states the law as decided in *Merriam* v. *Wolcott*, as follows: "When a man sells a note, the law implies a warranty that it is genuine, and that he has such a title as to give him the right and power to sell. This is upon the ground that the offer of the note is in itself a tacit affirmation or representation that it is genuine, etc." See also *Lobdell* v. *Baker*, 1 Met. 193.

In this state the case of *Baxter* v. *Duren* has not been overruled, neither has it been affirmed. That case has been discussed by this court in two cases, in neither of which it was necessary to decide upon the correctness of the decision.

In *Hussey* v. *Sibley, supra,* in commenting on the distinction, raised in *Ellis* v. *Wild* and *Baxter* v. *Duren,* between cases of payment by, and of sale of a note not genuine, after citing the authorities, the court say, "Thus from the weight of authority it would appear that the distinction noticed in *Ellis* v. *Wild* and *Baxter* v. *Duren,* is, to say the least, somewhat shadowy, and that whether the plaintiff took the order as payment or as purchaser, the defendant must be held to some responsibility as to its validity ; in short, that he, as seller, warrants the order to be what it purports, a genuine order, etc."

In *Milliken* v. *Chapman,* 75 Maine, 306, the learned justice who drew the opinion corrects the statement of the counsel for the defense that the case of *Baxter* v. *Duren* had been overruled in *Hussey* v. *Sibley,* but he says, "Whether this statement of the principle would now be held to exclude a warranty of the genuineness of the signatures is not a question arising in this case. It may be that we should now say that the promise of the apparent parties, was the essence of the thing sold, and that a mutual mistake as to its existence would be a mistake as to the identity of the subject of the sale, and good ground for rescision. We have no occasion to consider that question here."

It is worthy of remark that the decision in *Baxter* v. *Duren* is not sustained by any of the authorities cited by the court in its support. The case of *Baxter* v. *Duren* stands alone in this country as authority for the principle therein laid down, and the correctness of the decision has been twice questioned by this court.

The seller of paper impliedly warrants that it is what it purports to be. *Merriam* v. *Wolcott,* 3 Allen, 258 ; *Cabot Bank* v. *Morton,* 4 Gray, 156 ; *Lobdell* v. *Baker,* 1 Met. 193 ; S. C., 3 Met. 469 ; *Herrick* v. *Whitney,* 15 John. 240 ; *Shaver* v. *Ehle,* 16 Id. 201 ; *Canal Bank* v. *Bank of Albany,* 1 Hill, 287 ; *Murray* v. *Judah,* 6 Cowen, 484; *Baldwin* v. *Van Deusen,* 37 N. Y. 487 ; *Ledwick* v. *McKim,* 53 N. Y. 307 ; *Terry* v. *Bissel,* 26 Conn. 23 ; *Thrall* v. *Newell,* 19 Vt. 202 ; *Aldrich* v. *Jackson,* 5 R. I. 218 ; *Dumont* v. *Williamson,* 18 Ohio St. 515; *Flynn* v. *Allen,* 57 Penn. St. 482; *Bell* v. *Cafferty,* 21 Ind. 411; *McKay* v. *Barber,* 37 Ga. 423 ; *Jones* v. *Ryde,* 5 Taunt. 488 ; *Gompertz* v. *Bartlett,* 24 Eng.

L. & Eq. R. 156; *Gurney* v. *Wormsly*, 4 El. & B., 138; Benjamin on Sales, §§ 607, 608; Story on Notes, §§ 118, 119, 389; Bigelow on Estoppel, 446-7; Chitty on Contracts, 471, note y.

There was not only an implied warranty, but the defendant by his indorsement of the orders expressly warranted their genuineness. Story on Notes, §§ 135, 380; *State Bank* v. *Fearing*, 16 Pick. 533; *Burrill* v. *Smith*, 7 Id. 291, 294; *Prescott Bank* v. *Caverly*, 7 Gray, 217, 220; *Canal Bank* v. *Bank of Albany*, 1 Hill, 287; Bigelow on Estoppel, p. 427, *et seq.* and cases cited.

*N. H. Hubbard*, for defendant.

In delivering the opinion of the court in *Baxter* v. *Duren*, 29 Maine, 441, SHEPLEY, C. J., says, "When no debt is due or created at the time, and the paper is sold, as other goods and effects are, the purchaser cannot recover from the seller the purchase money. There is in such case no implied warranty of the genuineness of the paper. The law respecting the sale of goods is applicable. The only implied warranty is that the seller owns, or is lawfully entitled to dispose of the paper or goods."

This is claimed to be now the settled law of this state. *Baxter* v. *Duren*, has since its decision been twice called to the attention of this court in *Hussey* v. *Sibley*, 66 Maine, 192, and as late as 1883 in *Milliken* v. *Chapman*, 75 Maine, 306, and in both reaffirmed.

The expression said to have been made by defendant at the time of the sale, "that they were all right," was a mere expression of opinion, and could have had no influence in making the sale.

HASKELL, J. The defendant, upon payment of $3,000 to the municipal officers of the town of Stockton, received from them three town orders for $1000 each, dated November 17, 1877, payable to his own order, with interest annually, and already accepted by the treasurer of the town.

On the 17th of January, 1879, the defendant indorsed one year's interest upon each of the orders and indorsed and delivered the orders to the plaintiff for value, and in good faith, both parties believing them to be legal obligations of the town.

The orders have been held by this court as issued without authority from the town, and, therefore, of no binding validity upon it. The plaintiff sues in assumpsit to recover the consideration that he paid the defendant for the orders, as money had and received, and interest.

Town orders, although not commercial paper to the extent that transfer to an innocent holder shuts out equitable defenses, may be negotiable in form, and become transferable under the same rules of law that would be applicable to commercial paper. *Parsons* v. *Monmouth*, 70 Maine, 262.

The indorsement of a note is a new contract. The indorser engages that the note shall be paid according to its tenor; that is upon proper presentment, demand and notice; he engages that it is genuine and the legal obligation that it purports to be, and that he has title to it, and a right to indorse it. Sto. Pr. Notes, § 135. Dan. Neg. Ins. § 669; *Bank* v. *Fearing*, 16 Pick. 533; *Bank* v. *Caverly*, 7 Gray, 217.

All engagements of the indorser, except payment, conditioned upon demand and notice, and possibly the validity of the note when it is voidable only, are absolute warranties and not dependent upon any condition whatever. If the note transferred by indorsement be a forgery, or absolutely void for any other reason, the indorser may be sued for the original consideration paid him, or he may be held as a party without demand and notice. Dan. Neg. Ins. §§ 669, 675, 1113. Par. N. & B. 444, *Copp* v. *McDugall*, 9 Mass. 1; *Burrill* v. *Smith*, 7 Pick. 291.

The indorsement and transfer by the payee, of a dishonored promissory note, for value, must create all the engagements on the part of the indorser that an indorsement of the note before maturity would create, except as to demand and notice. To charge the indorser of a dishonored note, demand and notice are required within a reasonable time after the indorsement. The indorsement in such case is like the indorsement of the demand note of the maker of that date, or the drawing of a bill upon the maker of the note payable to the transferee. *Greely* v. *Hunt*, 21 Maine, 455; *Hunt* v. *Wadleigh*, 26 Maine, 271; *Sanborn* v. *Southard*, 25 Maine, 409; *Goodwin* v. *Davenport*, 47 Maine, 112; 2 Par. N. & B. 13.

The plaintiff has elected to sue for the consideration that he paid the defendant for the worthless orders. The plaintiff has already recovered from the town by an action for money had and received, brought in the defendant's name, the part of the money defendant loaned upon the order that went to the use of the town. This sum the plaintiff must deduct from the amount that he paid the defendant for the orders and have judgment for the balance and interest.

> *Defendant defaulted. Damages*
> *to be assessed at nisi prius.*

PETERS, C. J., WALTON, VIRGIN, EMERY and FOSTER, JJ., concurred.