WILLIAM H. STEWART

Liquidating Agent for Richmond National Bank

*vs.*

WILBUR C. OLIVER.

Sagadahoc.   Opinion January 28, 1913.

*Assumpsit.  .Accommodation.   Brief Statement.   Consideration.   Exceptions.*
*Indorser.   Notice.   Promissory Notes.   Surety.*

1.  One who signs on back of a promissory note at its inception is a joint,
    or joint and several, maker with one who signs on its face, and want of
    demand and want of notice to him of non-payment affords him no defense.
2.  An accommodation maker or surety on a note is discharged from lia-
    bility, if, without his knowledge or. assent, the holder, having notice that
    the accommodation maker or surety is such, extends the time of payment
    to the principal maker for a valuable consideration.
3.  The payment of interest in advance is a sufficient consideration for an
    agreement to extend the time of payment of a promissory note.
4.  It is immaterial whether the bank officers had actual knowledge that the
    defendant was an accommodation maker or merely that the circumstances
    were such as ought to have placed them on their inquiry.

On exceptions by defendant.   Sustained.

This is an action of assumpsit on a promissory note dated December 20, 1905, for two hundred dollars, payable in four months to the Richmond National Bank, made and signed by F. B. Torrey, and indorsed by the defendant on the back.   Plea, the general issue and by way of brief statement the defendant pleaded that he was an accommodation endorser or surety on the note, which fact was well known to the bank, and that the bank for a valuable consideration had extended the time of payment to the maker, Torrey, without the knowledge or assent of the defendant, and that no notice of non-payment, when due, had been given him.   At the conclusion of the evidence, the presiding Justice directed the jury to return a ver-

dict for the plaintiff, which was done. The defendant excepted to this direction.

The case is stated in the opinion.

*Charles D. Newell,* for plaintiff.

*Frank L. Staples,* for defendant.

SITTING: WHITEHOUSE, C. J., SAVAGE, CORNISH, KING, BIRD, HANSON, JJ.

SAVAGE, J. This is an action of assumpsit wherein the plaintiff, as liquidating agent of the Richmond National Bank, seeks to recover of the defendant on a promissory note for two hundred dollars, made by F. B. Torrey and endorsed by the defendant on the back. The note was dated December 20, 1905, and the bank was payee.

Under the general issue, the defendant pleaded, by way of brief statement, that he was merely an accommodation endorser or surety on the note, which fact was well known to the bank, and that the bank for a valuable consideration had extended the time of payment to the maker, Torrey, without the knowledge or assent of the defendant. Another defense set up was that no demand had been made upon the defendant, and no notice of non-payment when due had been given to him. At the conclusion of the evidence, the presiding Justice directed the jury to return a verdict for the plaintiff, which was accordingly done. The defendant excepted to the direction.

That the defendant was in fact an accommodation endorser or a surety is not now disputed. But it is well settled law that one who signs on the back of a note at its inception is a joint or joint and several maker with one who signs on the face, so far as concerns the necessity for demand and notice of non-payment. *Adams* v. *Hardy,* 32 Maine, 339; *Merchants' Trust & Banking Company* v. *Jones,* 95 Maine, 335. Accordingly the defense of want of notice cannot avail him.

But there is evidence that the bank, without the knowledge or assent of the defendant, on payment of interest in advance, extended the time of payment to Torrey, the principal, nineteen times, for a period of four months each time. The payment of interest in

advance was a sufficient consideration for an agreement to extend the time of payment. And it is not denied that such an extension, for a valuable consideration, had the effect of discharging the defendant from liability, if at the time of the agreement to extend the bank had notice that the defendant was an accommodation maker or surety. *Andrews* v. *Marrett,* 58 Maine, 539.

It follows that the only debatable question under exceptions to the direction of a verdict for the plaintiff is, whether there was sufficient evidence to go to the jury that the bank did have such notice. We think there was, and that taking the case from the jury and directing a verdict for the plaintiff was error.

The evidence would warrant the jury in finding that Torrey alone made application for the loan, that the cashier asked him who was to sign with him, and that he gave the name of the defendant, that Torrey subsequently presented the note in his own handwriting, with defendant's name on the back, that the note was then discounted by the bank and the proceeds deposited to Torrey's account, that Torrey checked it out, that when the note was about to become due Torrey was notified by the bank, and the defendant was not, and that the defendant was never notified until March, 1912, a period of over seven years after the inception of the note. In this connection we note that the manner of the defendant's signing, being upon the back of the note, instead of on its face, was held significant of notice in *Andrews* v. *Marrett,* supra.

Upon finding the foregoing facts, we think the jury would have been warranted in concluding that the bank had actual notice that the defendant was surety for Torrey, or at least that the circumstances were such as ought to have placed the officers of the bank upon their inquiry. And we think it is immaterial which they might find. See *Andrews* v. *Marratt,* supra; *Merchants' Trust & Banking Co.* v. *Jones,* supra. The case must go back for a jury trial.

*Exceptions sustained.*