PORTLAND SAVINGS BANK

*vs.*

HARRY M. SHWARTZ AND JESSE M. ROSENBERG.

Cumberland.     Opinion, January 18, 1938.

*Sherman I. Gould,*
*Charles H. Shackley,* for plaintiff.
*Abraham Breitbard,* for defendants.

SITTING: DUNN, C. J., BARNES, THAXTER, HUDSON, MANSER, JJ.

THAXTER, J.   This case is before this Court on report. The defendants are sued jointly as the indorsers of a promissory note of the following tenor:

"Mortgage Loan No. 3935

$2000.00                 Portland, June 30, 1923.

For value received, the Lincoln Realty Co. promises to pay to the order of Portland Savings Bank, the sum of Two THOUSAND DOLLARS IN ONE YEAR from and after date, with interest at the rate of six per cent. per annum, payable

semi-annually; also with interest on all over-due interest at the rate of six per cent. per annum.

WITNESS:                                LINCOLN REALTY CO.

C. H. TOLMAN                            By *Harry M. Shwartz*

PRESIDENT.

Waiving demand, notice and protest.

Documentary stamps

    10¢ — 5¢                            *Harry M. Shwartz*

    L. R. Co.                             *Jesse M. Rosenberg*

    6/30/23"

The defendants have pleaded the general issue with a brief statement setting up the statute of limitations. The plaintiff claims that the six-year limitation does not apply because this is a witnessed note on which the period is twenty years.

The defendants are accommodation indorsers and, prior to the passage of the Uniform Negotiable Instruments Act in 1917, now embodied in R. S. 1930, Chap. 164, would have been regarded as joint or joint and several makers and not as indorsers. *Adams* v. *Hardy*, 32 Me., 339; *Stewart* v. *Oliver*, 110 Me., 208, 85 A., 747. The act abrogated this rule and these defendants are now treated as indorsers. R. S. 1930, Chap. 164, Sec. 63. *Ingalls* v. *Marston*, 121 Me., 182, 116 A., 216; *Barton* v. *McKay*, 135 Me., 197, 193 A., 733.

R. S. 1930, Chap. 95, Sec. 94, provides that the six-year limitation established by Section 90 (IV) shall "not apply to actions on promissory notes signed in the presence of an attesting witness." An action against an indorser is not, however, an action on the note. His is a new and different contract, distinct from that of the maker of the note. *Seavey* v. *Coffin*, 64 Me., 224; *Furgerson* v. *Staples*, 82 Me., 159, 163, 19 A., 158; *Barton* v. *McKay*, supra; 8 Am. Jur., 243. Even though the indorsement may be on a witnessed note, the indorser's contract does not come within the exception of the statute applicable to witnessed notes, and the general limitation of six years properly pleaded is a bar to recovery. *Seavey* v. *Coffin*, supra.

*Judgment for the defendants.*