# United States Court of Appeals
## For the First Circuit

No. 17-1121

US BANK, N.A., AS LEGAL TITLE TRUSTEE
FOR TRUMAN 2013 SC3 TITLE TRUST,

Plaintiff, Appellant,

v.

HLC ESCROW, INC.;
FIRST AMERICAN TITLE INSURANCE COMPANY,

Defendants, Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

[Hon. George Z. Singal, U.S. District Judge]

Before

Howard, Chief Judge,
Selya and Lipez, Circuit Judges.

Benjamin P. Campo, Jr., with whom Douglas McDaniel & Campo LLC PC was on brief, for appellant.
David A. Soley, with whom Glenn Israel, James G. Monteleone, and Bernstein Shur were on brief, for appellee First American Title Insurance Company.
Kevin P. Polansky, with whom Christine M. Kingston and Nelson Mullins Riley Scarborough LLP were on brief, for appellee HLC Escrow, Inc.

March 18, 2019

**LIPEZ**, **Circuit Judge**.    When Sara and Douglas Trask refinanced their mortgage in 2007, their new mortgage incorrectly identified a parcel of unimproved land, rather than the adjacent parcel of improved land that encompassed their residence.  The current holder of the 2007 mortgage -- US Bank -- sued the closing agent -- HLC Escrow, Inc. -- and the title insurer -- First American Title Insurance Company ("First American") -- in 2016.  US Bank's complaint included causes of action for negligence and "duty of care" against HLC Escrow, and negligence, unilateral mistake, and violation of Maine's Unfair Claims Settlement Practices Act ("UCSPA") against First American.  The district court dismissed the complaint, declining to apply Maine's twenty-year statute of limitations for personal actions on certain types of contracts and financial instruments, and further concluding that Maine's six-year limitations period for civil actions barred the bank's claims.  See Me. Rev. Stat. Ann. tit. 14, §§ 751, 752.

We affirm the district court's judgment in substantial part, vacating only its dismissal of US Bank's UCSPA claim against First American.  With respect to that claim, we conclude that it was timely filed.

## I.

The Trasks entered into a mortgage agreement with Sun Mortgage New England, Inc. in February 2005.  The parties agree that the mortgage encumbered an improved parcel of land along

- 2 -

Stream Road in Winterport, Maine. In April 2007, the Trasks refinanced their mortgage with Home Loan Center Inc. d/b/a LendingTree Loans. The property description in the 2007 mortgage identifies a far less valuable parcel of unimproved land also along Stream Road, and also owned by the Trasks. HLC Escrow acted as the closing agent for the transaction, and First American insured the title of the encumbered property. First American also supplied the legal property description for the mortgage. Following a series of assignments, US Bank took ownership of the 2007 mortgage in March 2014.[1]

After defaulting on the 2007 mortgage, the Trasks filed a Chapter 7 petition for bankruptcy in December 2009. Three months later, the Trasks filed an adversary complaint against US Bank, asking the bankruptcy court to limit US Bank's mortgage lien to the unimproved parcel. Subsequently, US Bank filed an insurance claim with First American. The insurance claim asserted coverage based on the mortgage's errant identification of the unimproved parcel. In its letter denying the insurance claim on May 10, 2010, First American explained that the policy did not cover the improved

---

[1] The named appellant in this case is technically "US Bank, N.A., as Legal Title Trustee for Truman 2013 SC3 Title Trust." We refer to appellant as "US Bank" for simplicity's sake. Furthermore, we use the term "US Bank" to refer to appellant and its predecessors in interest when discussing the background facts of this case, as the transactional history of the mortgage is not germane to this appeal.

parcel, and insured only the parcel actually identified by the mortgage -- that is, the unimproved parcel.  US Bank filed another insurance claim in early 2011.  First American denied this second claim in February of that year, offering the same explanation as it did in denying the first claim.

On June 10, 2011, the bankruptcy court entered a judgment concluding that the trustee of the Trasks' bankruptcy estate had an interest in the improved parcel superior to US Bank's.  The Bankruptcy Appellate Panel for the First Circuit affirmed that ruling in December 2011.  See In re Trask, 462 B.R. 268 (B.A.P. 1st Cir. 2011).  US Bank filed a foreclosure action on the unimproved parcel in December 2013, obtained a favorable judgment in December 2014, and took title to the unimproved parcel following a public sale in April 2015.  It then filed its third insurance claim with First American in February 2016.  First American denied the claim on May 13, 2016, noting its previous denials, and reasserting its prior interpretation of the policy.

US Bank responded to First American's latest denial by filing suit in state court on August 9, 2016.  As noted above, the complaint alleges counts of negligence and duty of care against HLC Escrow,[2] and negligence, unilateral mistake, and violation of

---

[2] While the issue is irrelevant to this appeal, we do not understand how US Bank's "duty of care" claim is in any way distinct from its negligence claim against HLC Escrow.

- 4 -

the UCSPA against First American.  The UCSPA claim asserts that First American "failed to effectuate prompt, fair, and equitable settlement" of US Bank's 2016 insurance claim, "where liability was reasonably clear," and "knowingly misrepresented to US Bank pertinent facts or policy provisions relating to coverage at issue."[3]  The complaint does not mention US Bank's earlier-filed insurance claims.

HLC Escrow removed the case to federal court, and both defendants filed motions to dismiss under Federal Rule of Civil Procedure 12(b)(6).  The motions asserted, inter alia, that US Bank's claims were time-barred by Maine's six-year statute of limitations for civil actions.  See Me. Rev. Stat. Ann. tit. 14, § 752.  First American took the position that US Bank's claims against it accrued no later than May 10, 2010, the date on which it denied US Bank's initial insurance claim.  Included as attachments to First American's motion to dismiss were copies of US Bank's 2010 claim letter, First American's letter denying that claim, and First American's letters denying US Bank's 2011 and 2016 insurance claims.  First American did not include copies of US Bank's 2011 and 2016 claim letters.

---

[3] This terminology used in US Bank's complaint mirrors the terms of the UCSPA.  See Me. Rev. Stat. Ann. tit. 24-A, § 2436-A(1)(A), (E).

- 5 -

US Bank opposed the motions to dismiss by arguing that Maine's twenty-year limitations period for personal actions on certain types of contracts and financial instruments applied to its causes of action against both defendants, making them timely. See Me. Rev. Stat. Ann. tit. 14, § 751. As to its claims against First American, US Bank alternatively argued that Maine's six-year statute of limitations did not begin to run until First American denied its 2016 insurance claim. According to US Bank, the denial of its 2010 insurance claim did not trigger the statute of limitations because that claim was premature. The bank did not "experience[] damages that would demonstrate a cognizable loss" until it took title to the unimproved parcel in April 2015, following the foreclosure proceedings. When it then filed its 2016 insurance claim, "the scope of US Bank's damages was realized," its insurance claim "was no longer hypothetical," and "the remedy of payment on the policy was in place."

The district court granted the motions to dismiss. It rejected US Bank's contention that Maine's twenty-year limitations period applied, and found all of US Bank's claims barred by the six-year statute of limitations. As to the bank's claims against First American, the district court rejected US Bank's argument that its claims did not accrue until First American denied its 2016 insurance claim. Without addressing the bank's prematurity argument, the court reasoned that the limitations period was not

"tolled or extended every time US Bank filed the same claim and received a denial on the same basis from [First American]." US Bank N.A. v. HLC Escrow Inc., No. 1:16-cv-00453, 2016 WL 7480269, at *3 (D. Me. Dec. 29, 2016).

On appeal, US Bank contends that the district court erred by failing to apply Maine's twenty-year statute of limitations. It again alternatively argues that its causes of action against First American were timely even under a six-year limitations period.

## II.

We review de novo a district court's Rule 12(b)(6) dismissal of a complaint for failure to state a claim based on the statute of limitations. See Santana-Castro v. Toledo-Davíla, 579 F.3d 109, 113 (1st Cir. 2009). Conducting this review requires us to "accept as true all well-pleaded facts in the complaint and draw all reasonable inferences in favor of the plaintiff[]." Gargano v. Liberty Int'l Underwriters, Inc., 572 F.3d 45, 48 (1st Cir. 2009). In addition to the complaint, we may consider documents "incorporated into the movant's pleadings," so long as "they are undisputed" and are "central to" the plaintiff's claims. In re Citigroup, Inc., 535 F.3d 45, 52 (1st Cir. 2008); see also

Ironshore Specialty Ins. Co. v. United States, 871 F.3d 131, 135 (1st Cir. 2017).[4]

**A. Maine's Twenty-Year Statute of Limitations**

Civil actions in Maine are subject to a six-year limitations period, unless otherwise provided. See Me. Rev. Stat. Ann. tit. 14, § 752. One exception to this rule is section 751, title 14, of Maine Revised Statutes, which provides a twenty-year limitations period for "personal actions on contracts or liabilities under seal, promissory notes signed in the presence of an attesting witness, or on the bills, notes or other evidences of debt issued by a bank." There is no question that the 2007 mortgage falls within the category of documents enumerated by section 751. The issue is whether this case constitutes a "personal action[] on" the mortgage. Me. Rev. Stat. Ann. tit. 14, § 751 (emphasis added). US Bank contends that its case is "on" the mortgage because its claims relate to, and revolve around, that document. A long history of Maine case law forecloses this position.

In Young v. Weston, the plaintiff sued to enforce a memorandum in which the defendant had promised to make payments on a note referenced in the document. 39 Me. 492, 493-94 (1855). The court held that the memorandum constituted a "separate promise"

_____

[4] The district court invoked this rule when it relied upon the letters attached to First American's motion to dismiss. See US Bank N.A., 2016 WL 7480269, at *2 n.5. US Bank does not dispute the court's application of this rule.

from the note itself, and therefore came within neither the "spirit nor letter" of the twenty-year limitations provision.  <u>Id.</u> at 495; <u>see</u> <u>also</u> <u>Bunker</u> v. <u>Ireland</u>, 17 A. 706 (Me. 1889) (holding that a suit against a guarantor of a note was not subject to the twenty-year limitations period).  Likewise, in <u>Portland Savings Bank</u> v. <u>Shwartz</u>, the Maine Law Court held that an action against an endorser to a note was not an action on the note itself, making the twenty-year limitations period inapplicable.  196 A. 405, 406 (Me. 1938).  The endorser's contract was "distinct from that of the maker of the note," causing it to "not come within the exception of the statute applicable to witnessed notes."  <u>Id.</u>

A more recent Law Court case similarly declined to extend the state's twenty-year limitations period to cases that merely relate to a mortgage.  In <u>U.S. Bank National Association</u> v. <u>Adams</u>, a bank sought to place an equitable lien on a brother's interest in a property after his sister signed a mortgage encumbering her jointly-held interest in the same.  102 A.3d 774, 776 (Me. 2014).  The court rejected the bank's argument that its claim was "based on the note and mortgage" for purposes of section 751, because the claim was "not an action to enforce the contested note."  <u>Id.</u> at 776 n.2.  Instead, the action involved an equitable claim against the brother's interest in the property, and the brother was not a party to the note.  <u>Id.</u>

These cases make plain that US Bank's claims are not "on" the 2007 note and mortgage. Its claims arise from the obligations created by its relationships with the closing agent and title insurer. Those obligations surely relate to the mortgage in some respects, but that is not enough. The district court correctly followed over a century and a half of Maine case law limiting the twenty-year limitations period to personal actions to enforce qualifying instruments.

We thus affirm the district court's judgment dismissing US Bank's claims against HLC Escrow, as US Bank does not argue that those claims are timely under Maine's six-year statute of limitations. This leaves only the question of whether US Bank's claims against First American are timely under that limitations period.

## B. Maine's Six-Year Statute of Limitations

The district court treated US Bank's unilateral mistake, negligence, and UCSPA claims against First American as a group, and found that all three accrued, at the latest, when First American denied US Bank's initial insurance claim on May 10, 2010 -- just more than six years before US Bank filed suit on August 9, 2016. That group approach to the timeliness issue ignored some important differences in the causes of action.

The unilateral mistake and negligence claims are unrelated to First American's denials of US Bank's insurance

claims. Those two causes of action pertain to First American's alleged provision of the incorrect property description at the mortgage closing. Count II of US Bank's complaint asserts that First American mistakenly provided the legal property description for the unimproved parcel of land, while Count III alleges that First American negligently provided that property description. On the other hand, US Bank's UCSPA claim, set forth in Count I, derives from First American's allegedly wrongful denial of its 2016 insurance claim. The complaint alleges that First American "failed to effectuate prompt, fair, and equitable settlement" of that insurance claim, "where liability was reasonably clear," and "knowingly misrepresented to US Bank pertinent facts or policy provisions relating to coverage at issue." As these causes of action are based on different events, US Bank's UCSPA claim is subject to a different statute of limitations analysis than are its unilateral mistake and negligence claims.

**1. Unilateral Mistake and Negligence**

US Bank's unilateral mistake and negligence claims accrued on the date of the mortgage closing in 2007, or -- at the latest -- when US Bank discovered that the mortgage property description was incorrect. The claims are untimely in either event.

Negligence actions accrue under Maine law "'when the plaintiff sustains harm to a protected interest,' i.e., when a

- 11 -

plaintiff is 'entitled to seek judicial vindication.'" <u>Miller</u> v. <u>Miller</u>, 167 A.3d 1252, 1256 (Me. 2017) (quoting <u>McLaughlin</u> v. <u>Superintending Sch. Comm.</u>, 832 A.2d 782, 788 (Me. 2003)). For a limited number of tort actions, however, Maine commences the statute of limitations period when the plaintiff discovered, or should have discovered, her injury. <u>See</u> <u>Johnston</u> v. <u>Dow & Coulombe, Inc.</u>, 686 A.2d 1064, 1066 (Me. 1996). As for unilateral mistake actions, the Law Court has yet to address whether the limitations period runs from the time the mistake was made, or from the time the plaintiff discovered the mistake.[5]

We do not need to determine whether the discovery rule applies to unilateral mistake actions under Maine law, or whether US Bank could somehow benefit from that rule in the negligence context. US Bank could have discovered First American's allegedly mistaken and negligent provision of the mortgage property description no later than March 17, 2010, when the Trasks filed their adversary complaint to limit US Bank's mortgage lien to the unimproved parcel. As this date falls more than six years before US Bank filed suit on August 9, 2016, its unilateral mistake and

---

[5] Other jurisdictions appear to be divided on this issue. <u>See generally</u> <u>Diematic Mfg. Corp.</u> v. <u>Packaging Indus., Inc.</u>, 412 F. Supp. 1367, 1373 (S.D.N.Y. 1976) (stating that under New York law, an action based upon mistake accrues at "the time the alleged mistake occurs"); <u>State Dep't of Transp.</u> v. <u>Eighth Judicial Dist. Court</u>, 402 P.3d 677, 683 (Nev. 2017) (en banc) (applying the discovery rule to a unilateral mistake action).

negligence actions are time-barred by the six-year statute of limitations.

**2. The UCSPA**

US Bank argues that the limitations period for its UCSPA claim commenced on the day First American denied its 2016 insurance claim because the UCSPA violation it alleges is premised on that denial. First American, however, asserts that US Bank's 2016 insurance claim was the same, for UCSPA purposes, as the claim US Bank submitted in May 2010. Hence, First American argues, its denial of the earlier claim triggered the statute of limitations -- meaning that US Bank's UCSPA cause of action, filed several months beyond the six-year mark, is untimely.

If US Bank's 2016 insurance claim was merely a repetition of its 2010 claim, First American would be correct. US Bank could not extend the statute of limitations by eliciting a second denial, years later, of the same insurance claim. See, e.g., Weaver v. N. Eng. Mut. Life Ins. Co., 52 F. Supp. 2d 127, 130-31 (D. Me. 1999). US Bank, however, insists that the two insurance claims are necessarily distinct because the underlying facts had changed. In 2010, the Trasks' bankruptcy proceedings were ongoing, and US Bank's effort to gain an interest in the improved parcel had not yet failed. Thus, its UCSPA cause of action could not have accrued with the 2010 claim denial, US Bank explains, because the UCSPA violation it asserts in this litigation is First American's

wrongful refusal to pay on a loss that US Bank had not yet experienced in 2010.  In other words, because First American had no obligation in 2010 to indemnify US Bank for a loss -- because the loss had not yet occurred -- US Bank could not bring a UCSPA action alleging that the denial of its claim in 2010 was a wrongful denial of indemnification.  Hence, the 2010 claim denial could not have started the clock on US Bank's UCSPA cause of action.[6]  We agree with US Bank.

Under Maine law, an insurer does not have a duty to indemnify its insured for a loss until the insured first incurs the loss.  See, e.g., Cambridge Mut. Fire Ins. Co. v. Perry, 692 A.2d 1388, 1391 n.3 (Me. 1997) (noting that a liability insurer's "duty to indemnify is not determined until the liability of the insured has been decided"); see also Osprey Landing, LLC v. First Am. Title Ins. Co., 157 A.3d 247, 251 (Me. 2017) (concluding, pursuant to property owner's title insurance policy, that title insurer had no obligation to "preemptively indemnify" property owner for a "hypothetical" loss).  In cases involving a mortgagee's title insurance policy, the mortgagee incurs a loss when "the

_____

[6] US Bank also argues that the denial of its 2010 claim did not trigger the limitations period because that claim invoked First American's duty to defend, while its 2016 insurance claim invoked the insurer's duty to indemnify.  Though we agree that an insurer's refusal to defend and its refusal to indemnify are distinct events under Maine law, see, e.g., Harlor v. Amica Mut. Ins. Co., 150 A.3d 793, 801 (Me. 2016), US Bank waived this argument by failing to raise it before the district court.

security for the loan proves inadequate to pay off the underlying insured debt due to the presence of undisclosed defects."  Hodas v. First Am. Title Ins. Co., 696 A.2d 1095, 1097 (Me. 1997); see also 11A Steven Plitt et al., Couch on Insurance § 159:6 (3d ed. 2017).[7]  Accordingly, a title insurer's duty to indemnify a mortgagee does not arise until the security for the mortagee's loan "proves inadequate."  Hodas, 696 A.2d at 1097.

As described above, the security for US Bank's loan had yet to "prove[] inadequate" when First American rejected US Bank's 2010 insurance claim.  Id.  If US Bank had prevailed in the ongoing adversary proceeding with the Trasks -- i.e., if the bankruptcy court had concluded that the mortgage encumbered the more valuable improved parcel -- the bank's security presumably would have been adequate to cover the Trasks' debt.  US Bank thus did not incur a loss until -- at the earliest -- the bankruptcy court rejected its position and entered judgment finding that the bank's mortgage encumbered only the unimproved parcel.  That judgment entered on June 10, 2011, after First American denied US Bank's 2010 insurance claim.[8]

---

[7] In contrast, a property owner's title insurance policy "protects the value of an owner's fee interest" such that "[t]he presence of a title defect immediately results in a loss . . . since resale value will always reflect the cost of removing the defect."  Hodas, 696 A.2d at 1097.

[8] We decide here only that US Bank's loss occurred at the earliest when the bankruptcy court entered judgment.  We do not

- 15 -

This loss, subsequent to the denial of U.S. Bank's 2010 claim, thus distinguishes First American's denial of US Bank's 2016 insurance claim from its denial of the 2010 claim.  In 2010, First American could not have been expected to indemnify US Bank for a loss, and US Bank could not have properly brought a UCSPA action at that time based on First American's refusal to do so.  However, by the time First American denied US Bank's 2016 insurance claim, it was established that US Bank had suffered a loss from the mortgage's allegedly errant identification of the unimproved parcel.  US Bank could thus properly allege that First American's refusal to provide indemnification was wrongful and violated the UCSPA.[9]

We recognize that, in concluding that US Bank's UCSPA claim could not have accrued in 2010, we have drawn upon precedent developed in the context of contractual insurance disputes.  That precedent, however, properly informs our assessment of whether First American's conduct constitutes an unfair claims settlement

---

reach US Bank's contention that its loss did not occur until it later took possession of the unimproved parcel in April 2015.

[9] The changed circumstances concerning First American's alleged obligation to US Bank distinguish this case from those in which the plaintiff complains about an ongoing refusal to pay benefits.  For example, in Weaver v. New England Mutual Life Insurance Co., 52 F. Supp. 2d 127 (D. Me. 1999), cited by First American, the court rejected the plaintiff's attempt to refresh his claim for disability benefits simply by asserting that the defendants "continue to refuse to pay his disability claim."  Id. at 130.

practice in Maine.  Under Maine law, "liability [could not] become reasonably clear" as to First American's duty to indemnify US Bank until at least 2011, see Me. Rev. Stat. Ann. tit. 24-A, § 2436-A(1)(E), and a UCSPA cause of action based on the insurer's unreasonable refusal to settle therefore could not accrue until First American thereafter denied a claim from US Bank -- as it did in 2016.[10]  The Maine Legislature could choose to differentiate UCSPA causes of action from contractual insurance causes of action and allow plaintiffs to pursue "premature" indemnification-based UCSPA claims when an insurer first denies a claim for lack of coverage.  At present, however, we see no reason to depart from the contractual analysis.  See generally Chapman v. Standard Fire Ins. Co., No. 1:11-cv-459, 2012 WL 3644778, at *3 (D. Me. Aug. 23, 2012) (inferring that the Maine Law Court views the UCSPA as providing additional contractual remedies, rather than tort remedies, citing Marquis v. Family Mut. Ins. Co., 628 A.2d 644, 652 (Me. 1993)).[11]

---

[10] We need not address whether the statute of limitations for US Bank's UCSPA misrepresentation claim also was triggered in 2016, rather than in 2010, given our conclusion that US Bank has a UCSPA claim that survives the motion to dismiss.

[11] Maine's UCSPA is derived from model legislation promulgated by the National Association of Insurance Carriers ("NAIC").  See NAIC, Unfair Claims Settlement Practices Act (Jan. 1997), available at http://www.naic.org/store/free/MDL-900.pdf ("Model UCSPA").  Courts in other states construing similar bad-faith statutes have reached different conclusions on whether a claim based on a failure to indemnify accrues upon an initial claim denial, or whether it accrues after the insurer later incurs a

To be clear, whether First American justifiably denied US Bank's 2016 insurance claim based on the policy's lack of coverage, or whether it has another defense to payment, are separate questions not raised in this appeal. In First American's motion to dismiss and in its appellate brief, the statute of limitations was the only defense raised in support of dismissal of US Bank's UCSPA claim. We take no view on the viability of any other defenses going forward. We hold here only that the statute of limitations for a Maine UCSPA cause of action alleging injury from a wrongful denial of indemnification begins to run from the date of denial, but only if the insurer at that time had a duty to indemnify under Maine law. Absent such a duty, the denial cannot be wrongful.

Accordingly, US Bank's UCSPA cause of action accrued on May 13, 2016, when First American denied US Bank's claim seeking indemnification for the established loss. Because that date is within the statute of limitations, we must vacate the dismissal of US Bank's UCSPA claim and remand for further proceedings.

---

contractual duty to indemnify. Compare, e.g., Adamski v. Allstate Ins. Co., 738 A.2d 1033, 1036 (Pa. Super. Ct. 1999) (holding that the insured could have commenced an action at any point after the original denial of coverage), with Daugherty v. Allstate Ins. Co., 55 P.3d 224, 228 (Colo. App. 2002) (holding that the insured's claim for bad faith refusal to indemnify did not accrue until judgment entered in the underlying case).

## III.

For the reasons given above, we affirm in part and vacate in part the district court's judgment. We affirm as to the dismissal of US Bank's claims against HLC Escrow, and its unilateral mistake and negligence claims against First American. We vacate the dismissal of US Bank's UCSPA claim against First American and remand for further proceedings.

US Bank and First American shall bear their own costs on appeal. HLC Escrow's costs shall be taxed to US Bank.

**So ordered.**